Prokop et ux. *v.* Becker et al., Appellants.

Argued October 6, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Alexander A. Garroway,* with him *Campbell, Wick, Houck & Thomas,* for appellants.

*Morse J. Keller,* with him *Sam R. Keller,* for appellees.

OPINION BY MR. JUSTICE DREW, November 23, 1942:

Plaintiffs brought this action of trespass to recover damages for the death of their minor son, aged thirteen years and four months, caused when he was struck on August 7, 1940, by an aeroplane about to land on Bettis Field, Allegheny County, Pennsylvania. A verdict was directed in favor of one of the defendants, the pilot of

the plane, and the jury found against the others, the operators of the field, in the sum of $3,882. They brought this appeal from judgment entered on the verdict after the refusal of the learned court below to grant the motion for judgment n. o. v. or the motion for a new trial.

Bettis Airport is a tract of 86 acres containing administration buildings, hangars, and landing field. It is private property under the control of defendant operators, who conduct a flying school there. The field has been devoted to general aeroplane activity for more than ten years. Its southeastern portion is bounded by a six-foot fence extending in a curve along the Pittsburgh-McKeesport Highway on the south and the Bull Run Road on the east. Inside the fence, and following along it in a curve parallel to the two roads, is what plaintiffs' witnesses described as a "road", which was contiguous to the landing field, was composed of a substance similar to that of the runways, was wide enough for two automobiles to pass, and led from the end of the fence on the Bull Run Road to a gate on the Pittsburgh-McKeesport Highway. Plaintiffs' son, who was a student in junior high school, and several other boys of approximately his age had intermittently for a considerable period of time prior to the accident frequented the area around the hangars, a comparatively safe place, with the knowledge and consent of the management. There was also evidence that they rode their bicycles up and down the "road" in question, though it did not appear that this was done with defendants' consent. While there was no testimony that aeroplanes ever landed on the "road", the boy's father, one of the plaintiffs, said that he had seen them fly over it preparatory to landing on the part of the field immediately adjoining, and one of his son's companions admitted that they never walked across the middle of the field on account of the danger from planes. Plaintiffs' son was riding his bicycle in a westerly direction on this "road" about twenty-five feet from the fence, when he was struck by the landing gear of a plane still in the air coming in from the south across the fence.

From this evidence, all of which is considered in the light most favorable to plaintiffs, defendants are charged with negligence, solely on the ground that they allowed this boy and other children of approximately his age to use the "road" as a playground for such a length of time as to amount to an invitation to use it for such purpose, when they knew that a dangerous condition existed there. In thus basing their right to recover on the "playground rule", plaintiffs concede that their son was a trespasser on the "road", even though he was a licensee in the area around the hangars, and this is clearly correct, for a license does not extend beyond the area to which the permission applies: *The Pennsylvania Railroad Company v. Zebe*, 33 Pa. 318; *Seltzer v. Phila. & R. Ry. Co.*, 69 Pa. Superior Ct. 309; Restatement of Torts, §341, comment *b*. Cf. *McCallister v. Homestead Boro.*, 322 Pa. 341. Toleration of trespass for a sufficient time, however, gives rise to a privilege which adds to the duties of the occupier in the maintenance of his premises, and the playground rule in Pennsylvania is a specialized application of this principle: *Hogan v. Etna Concrete Block Co.*, 325 Pa. 49. In that case we held that the nature of the occupier's duty to children playing daily on his grounds without objective disapproval was that of ordinary care, and that he must not create, or fail to obviate risks reasonably tending to cause injury. For private ground to be brought within the playground rule, its use by children must not be merely occasional or intermittent, but "such as to cause the place to be generally known in the immediate vicinity as a recreation center": *Fitzpatrick v. Penfield*, 267 Pa. 564, 572; *Riebel v. Land Title Bk. & Tr. Co.*, 143 Pa. Superior Ct. 136. Otherwise almost every foot of open or fenced land would, without more, come within the rule. A careful reading of the record before us reveals merely that an undisclosed number of children, never exceeding more than seven at a time, had ridden their bicycles on the "road" once or twice a week. This testimony does not show that the place was so fre-

quently resorted to by children as to cause it to be generally known in the neighborhood as a center for recreation. The proofs at best fell considerably short of those which were held inadequate by the Superior Court in *Riebel v. Land Title Bk. & Tr. Co.*, supra, in a well-reasoned opinion by Judge PARKER. See also *Pietros v. Hecla C. & C. Co.*, 118 Pa. Superior Ct. 453. We therefore conclude that plaintiffs failed to sustain the burden of bringing the "road" within the accepted conception of a playground as defined in the cases, and hence defendants' only duty toward plaintiffs' son was to refrain from wilfully or wantonly injuring him: *Rahe v. Fid.-Phila. Tr. Co.*, 318 Pa. 376. There being admittedly no evidence to create liability on this basis, the court below. should have entered judgment n. o. v.

But even if the part of the grounds where plaintiffs' son was fatally injured had been shown to be sufficiently used by children to constitute it a playground, thus imposing upon defendants a duty to exercise ordinary care to children trespassing thereon, we are nevertheless of the opinion that no breach of this duty has been shown. While liability under the playground rule does not depend upon the existence of an "attractive nuisance" on the premises, the conduct required of the landowner in the fulfillment of his duty to trespassing children obviously involves no greater amount of caution under the playground rule than under the attractive nuisance doctrine. The latter was the subject of our recent consideration in *Thompson v. Reading. Co.*, 343 Pa. 585, where, speaking through Mr. Justice MAXEY, we quoted from the Restatement of Torts, §339, which sets forth in clause (c) as one of the conditions of liability the prerequisite that "the children because of their youth do not discover the condition or realize the risk involved . . . in coming within the area made dangerous by it." The use of the verb *do* might lead to the belief that the duty of care depended entirely upon what the child in fact realized instead of upon what he should have

realized. That such is not the case, however, is readily apparent from comment *b*, entitled "When risk such that children *can* appreciate it" (Italics added), which states that the duty of the possessor of land is "only to keep so much of the land upon which he should recognize the likelihood of children trespassing, free from those conditions which, though observable by adults, are likely not to be observed by children or which contain risks the full extent of which an adult would realize but which are beyond the imperfect realization of children. *It does not extend to those conditions the existence of which is obvious even to children and the risk of which is fully realized by them*". (Italics added). The Pennsylvania law is in accord with this principle. In *DiMarco v. Penna. R. R. Co.*, 321 Pa. 568, where a minor plaintiff not quite eleven years old was denied recovery when injured by the collapse of a bank sustaining a foot path upon which there was a permissive way for people to walk, we said (p. 572) : "Notice of the risk involved would have been futile in the face of such an obvious hazard. The danger arose from the existence of the cut itself, and that danger was manifest to everyone using the path. There is no duty to warn of that which is obvious". See also *Noonan v. Pa. Railroad Co.*, 128 Pa. Superior Ct. 497, 503, *Krepcho v. Erie*, 145 Pa. Superior Ct. 417, 420, and *Murdock v. Pennsylvania R. Co.*, 150 Pa. Superior Ct. 156. In *Devine v. Armour & Co.*, 159 Ill. App. 74, it was said in reversing a judgment in favor of a thirteen-year-old boy injured by the fall of a dilapidated building about to be razed (p. 79) : "While such a building in process of destruction may be dangerous, the danger is not hidden from a child of decedent's age, while disclosed to an adult. This lad was not a mere baby. He was at least up to the average of his age. He knew as well as an adult that such a building in such condition and under such handling must fall." The principle underlying the rule is that injury to children from obvious dangerous causes is not foreseeable by the owner,

and therefore he cannot be placed under any duty to remove the risk.

In the instant case plaintiffs' son was a normal boy almost thirteen and a half years old. He was a junior high school student. He and his companions had frequented the field once or twice a week for about three years, and had seen numerous planes fly over the "road" and land immediately beyond. The plane which hit him was clearly visible for a sufficient time before the accident for him to see and avoid it. It would be lacking in realism to say that the risk of being struck was not fully appreciated by him. Under the circumstances no one in defendants' position could have foreseen that he would ride into a danger so obvious and so well known to him. There being no duty on their part to anticipate such a happening, they cannot be charged with negligence in failing to do so.

The cases relied on by plaintiffs and the court below do not deal with the principle here involved, and are clearly distinguishable. In *Hogan v. Etna Concrete Block Co.,* supra, minor plaintiff five years old was caught beneath a small railroad car which unexpectedly began to move. In *Martinez v. Pinkasiewicz,* 118 Pa. Superior Ct. 200, a boy of ten was killed by the collapse of a wall. In *Weimer v. Westmoreland Water Co.,* 127 Pa. Superior Ct. 201, the thirteen-year-old minor's death resulted from the breaking of a defective chain. It is obvious that in all of these cases the risk of danger was not apparent to the children involved, and the proprietor of the premises was properly held bound to take cognizance of their inability to see and understand such danger.

Judgment reversed and here entered in favor of defendants.