Porreca, Appellant, *v.* Atlantic Refining Co.

Argued January 3, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Charles S. Wilson,* with him *John F. Naulty,* for appellant.

*Norman Paul Harvey,* with him *John J. Mc-Devitt, 3rd,* for appellee.

OPINION BY MR. JUSTICE BELL, March 13, 1961:

Plaintiff appeals from a judgment of nonsuit which may be entered only in a clear case. Giving plaintiff the benefit of all the evidence in his favor and all reasonable inferences therefrom—as the well settled rule requires: *Castelli v. Pittsburgh-Railways Co.,* 402 Pa. 135, 165 A. 2d 632; *Borzik v. Miller,* 399 Pa. 293, 159 A. 2d 741;—a jury could have found the following facts:

Plaintiff brought an action in trespass 17 months after the accident which caused his injuries. He alleged that defendant was negligent in maintaining a grease pit in its garage without having the garage adequately lighted. Plaintiff was at the time of the accident on November 13, 1956, and for 7 years prior thereto had been employed by Adley Express Company as a truck driver. Plaintiff on November 13 reported to his employer's terminal, 4219 Richmond Street, Philadelphia, and was directed to take a load of steel to Delaware Avenue and Spring Garden Street, Philadelphia. Plaintiff delivered the steel and at the place of delivery changed trailers. Plaintiff, because the equipment was defective or because of negligence on his part, snapped the air hose connection between the tractor and the trailer. For reasons undisclosed, he then drove, without any trailer brakes and without fixing or replacing the snapped hose, to defendant's plant at 3144 Passyunk Avenue to pick up a load of motor oil. He had, as was required, a pass which enabled him to pass the guard house and enter into defendant's 28th Street entrance,

as he had done about 3 times a week for several years. He then decided he needed a couple of wrenches to fix the hose. Instead of going to any of the installations where he could load the oil he decided to circle the garage building and to park on the west side of it. He had borrowed wrenches on one or two occasions prior to the accident, but had not previously gone into the area where he was when the accident happened and had never previously been in the garage area where the accident happened.

Plaintiff entered the garage through a doorway designed for use by people. He noticed that no electric lights were on, but likewise noticed that there were large doors at each end of the room for entry and exit of trucks, and that the upper half of each door consisted of windows. The accident happened between 1 and 2 o'clock p.m. The light was coming from the tops of the big garage doors and plaintiff said he certainly could see the floor. He walked 15 to 20 feet towards two tank trucks, then walked between the two trucks and fell into the lubrication pit over which they were parked. The grease pit was without railing or barricade. He did not say whether he had looked where he was going or that there were any shadows or other objects which prevented his seeing the lubrication pit if he had looked; he merely said that when he entered the garage he saw that the floor was dark gray in color and dim and looked all the same to him. There was no evidence that the lighting in the garage or in the lubricating room was inadequate.

We agree with the Court below that under this evidence (a) plaintiff was a trespasser to whom defendant owed only the duty of refraining from inflicting upon him any willful or wanton injury: *Dumanski v. City of Erie*, 348 Pa. 505, 507, 34 A. 2d 508; *Prokop v. Becker*, 345 Pa. 607, 609, 29 A. 2d 23;

*Zawacki v. Pennsylvania Railroad Company,* 374 Pa. 89, 97 A. 2d 63, and cases cited therein; *Engle v. Reider,* 366 Pa. 411, 418, 77 A. 2d 621; Restatement, Torts, §341, comment b; and (b) defendant breached no duty it owed to plaintiff—cases supra; and (c) plaintiff was guilty of contributory negligence as a matter of law: *Carns v. Noel,* 364 Pa. 77, 79, 70 A. 2d 619; see also *Barth v. Klinck,* 360 Pa. 616, 62 A. 2d 841.

In *Dumanski v. City of Erie,* supra, a 14 year old boy took refuse to a city dump. After having disposed of the waste he filled the boxes with coal from a large cinder pile about 50 feet away. Part of the pile fell on the boy and killed him. This Court affirmed a judgment of nonsuit and said (page 507):

"The existence of a duty in any given situation is predicated on a relationship existing at the time in question. The quantum of due care required of a possessor of land to one upon his property is determined by an examination of existing facts and circumstances. 'One who is invited or permitted to enter a particular part of the land *becomes a trespasser if he enters another part of the land\** . . .': Restatement, Torts, section 341, comment (b). '. . . *a license does not extend beyond the area to which the permission applies*': Prokop v. Becker, 345 Pa. 607, 609. Here the license extended only to the use of the path for the purpose of taking refuse to the City dump. When the decedent extended his activities beyond the scope of the license and entered into the excavation fifty feet away his status as a gratuitous licensee no longer remained; he was now a trespasser. *His presence being unknown to the City appellee, its only duty was to refrain from inflicting upon him any wilful or wanton injury*: Rahe v. Fidelity-Phila. Trust Co., 318 Pa.

---

\* Italics throughout, ours.

376, 378. See Frederick v. Phila. R. T. Co., 337 Pa. 136, 140."

Section 341, Restatement, Torts, Comment b provides:

"The Rule stated in this Section applies to subject the possessor to liability only to those persons who sustain bodily harm within that part of the land which they are invited or permitted to enter and during the time covered by the invitation or permission.

"One who is invited or permitted to enter a particular part of the land for a particular time or for a particular purpose, becomes a trespasser if he enters another part of the land or remains upon the land after that time has expired or for an unreasonable time after the purpose of the visit is accomplished."

In *Prokop v. Becker*, 345 Pa., supra, this Court reversed the judgment in favor of a young boy who was killed on a road adjoining and part of a playground and said (page 609): ". . . In thus basing their right to recover on the 'playground rule', plaintiffs concede that their son was a trespasser on the 'road', even though he was a licensee in the area around the hangars, and this is clearly correct, for a license does not extend beyond the area to which the permission applies: The Pennsylvania Railroad Company v. Zebe, 33 Pa. 318; Seltzer v. Phila. & R. Ry. Co., 69 Pa. Superior Ct. 309; Restatement of Torts, §341, comment b. Cf. McCallister v. Homestead Boro., 322 Pa. 341."

We likewise agree that the lower Court properly excluded evidence with respect to the need for repairs to plaintiff's truck, since the matter was irrelevant in the issues here involved. Furthermore, the Court's refusal to admit such evidence was not objected to by plaintiff nor was this alleged error included in plaintiff's motion and reasons for a new trial; consequently it cannot be raised in this appeal.

Judgment affirmed.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.