## Dragonjac v. McGaffin Construction & Supply Company, Appellant.

Argued October 3, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused December 17, 1962.

*Kim Darragh,* with him *Meyer, Darragh, Buckler & Bebenek,* for appellant.

*A. Morris Ginsburg,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 26, 1962:

Nicholas Dragonjac, the minor plaintiff who was 10 years 7 months old, sustained personal injuries as the result of a fall into the foundation of the new Fifth Ward Elementary School in Monaca, Pennsylvania. The school was then being constructed by McGaffin Construction & Supply Company, which was then in possession and control of the property on which the accident occurred.

On Sunday, June 24, 1956, at about 2:30 p.m., Nicholas Dragonjac and several companions went to the school grounds to play. They observed a number of frogs in a puddle of water outside the double founda· tion walls. They then heard frog-like sounds coming from the ground inside the foundation walls. They went over to investigate. At this point on the founda· tion wall there were two sections which were about four feet apart. Nicholas stood on the top of the out· side wall and looked down between the sections and

saw a frog in a pool of water about 18 feet below the outer and inner sections of the wall. The boys were throwing stones at the frog. The minor plaintiff had picked up a stone and had his left foot on the outer wall and his right foot on the ground. He was waiting for the frog to come to the surface of the water. At this moment he lost his balance and fell approximately 18 feet between the two sections of the wall.

Nicholas testified that there was mud on the wall at the spot where he fell, but he did not clearly prove that it was the mud which caused him to fall.* Nicholas also testified that he had been repeatedly warned by his parents not to play in the construction area because he might get hurt. He further testified that he knew that he should not have been playing in this construction area.

The jury returned a verdict for the minor plaintiff in the sum of $8,500 and $1,500 (as reduced) for the parents.

The lower Court refused defendant's motion for judgment n.o.v. and judgment was entered on the verdict.

If plaintiff can recover in this case, every owner of property, no matter how very small, would have to barricade his property or become an insurer. This is certainly not the law.

---

* Nicholas testified: "Q. Then what happened? A. Then as I was throwing, I fell in. Q. What caused you to fall in? A. There was like mud on the wall like, and my foot slipped out from under me, and I couldn't get my balance back. . . . Q. Did you slip in the course of throwing something down in and aiming at the frog? Do you know what I mean? Just like a pitcher, when you are in the course of throwing, was that when you slipped, or did you just continue on your way and fall in? A. Well, it was—I started slipping before I threw, because I didn't get to throw the rock that I had in my hand at that time." This is inadequate proof by a fair preponderance of the evidence that the mud caused Nicholas to slip.

The law is correctly stated in §339 of the Restatement of the Law of Torts which was adopted as the Law of Pennsylvania in *Bartleson v. Glen Alden Coal Co.*, 361 Pa. 519, 529, 64 A. 2d 846. Section 339 provides: "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk* involved in intermeddling in it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."**

In *Hyndman v. Pa. Railroad Co.*, 396 Pa. 190, 152 A. 2d 251, the Court said (page 195): "This section

---

* The comment is: "*b. When risk such that children can appreciate it* . . . The duty of the possessor, therefore, is only to keep so much of the land upon which he should recognize the likelihood of children trespassing, free from those conditions which, though observable by adults, are likely not to be observed by children or which contain risks the full extent of which an adult would realize but which are beyond the imperfect realization of children. It does not extend to those conditions the existence of which is obvious even to children and the risk of which is fully realized by them. . . ."

** The comment is: ". . . The public interest in the possessor's free use of his land for his own purposes is of great importance. A particular condition is, therefore, regarded as not involving unreasonable risk to trespassing children unless it involves a grave risk to them which would be obviated without any serious interference with the possessor's legitimate use of his land. Farming

[339] has been adopted in toto by this Court as law of the Commonwealth: Dugan v. Pennsylvania Railroad Co., 387 Pa. 25, 127 A. 2d 343 (1956). There is no question, but that the appellees had to satisfy all four sub-sections of Section 339 in order to recover. . . ."

If defendant is liable in this case, the necessary result would be that every owner of property, no matter how small, will have to erect a high barricade around his property and if he fails to do so a jury could find a verdict for trespassing children, i.e., every adventurous American boy who went on his property to recover a football or a baseball or basketball or soccer ball, or to inspect and be injured in a new attractive device for opening and closing a garage door, or to discover what was in the opening to his coal bin, or climbed an old or slippery apple tree to examine or rob a bird's nest, or tripped over an irregular stone on his stone walk or in his (her) rock garden. This would obviously be very unfair and unjust to home owners.

Furthermore, to allow recovery in this case would not only be contrary to the existing law hereinabove set forth but would carry the doctrine of attractive nuisance to extremes that would be absolutely ridiculous.

In the instant case, (1) plaintiffs failed to prove that defendant was negligent and (2) plaintiffs failed to prove by a fair preponderance of the evidence that defendant's negligence, if any, was the proximate cause of the accident and (3) the minor plaintiff and his parents assumed the risk.

Judgments reversed and judgments non obstante veredicto here entered for defendant.

Mr. Justice MUSMANNO dissents.

---

machinery and the like involve inevitable danger to children meddling with them. Nevertheless their essential importance to agriculture permits them to be used and maintained if kept in a proper place and in proper condition. . . ."