Jesko, Appellant, *v.* Turk.

Argued March 18, 1966.  Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*James R. Duffy,* with him *McArdle, Harrington, Feeney & McLaughlin,* for appellants.

*Kim Darragh,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 24, 1966:

On March 12, 1961, minor plaintiff, who was then 9½ years old, suffered an injury when, while climbing a 12 foot high, partially erected concrete-block wall of a building being constructed by defendants, he fell to the ground. As he neared the top he felt that the blocks beneath his feet were loose. He took another step or two and began to descend. As he did, a concrete block fell from beneath him. He managed to catch himself by grabbing the top of the wall and attempted to get a toe hold in an effort to steady his balance. However the blocks gave way and he was

thrown to the ground. Minor plaintiff had observed other children playing on and around the building previously, but had never done so himself.

Plaintiffs sued the property owner and the contractors. A compulsory nonsuit was entered in favor of the property owner, but the trial court entered judgment in favor of minor plaintiff and his mother against the contractors. On appeal, the Superior Court reversed and granted judgment n.o.v. in favor of defendant-contractors. From that decision we granted allocatur.

Section 339 of the Restatement 2d, Torts, provides:
"§339. Artificial Conditions Highly Dangerous to Trespassing Children.

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." This section eliminates the limitation of the original section of the Restatement to "young" children, and by the addition of clause (e) indicates that liability under §339 is predicated on negligence; accordingly, a possessor of land is not liable if he has exercised reason-

able care under the circumstances. Restatement 2d, Torts, §339, Reporter's Notes. We believe that the new §339 represents a wise revision of the original section, and we hereby indicate our approval thereof and adopt it as the law of this Commonwealth, even as we formerly adopted the earlier section in 1949 in *Bartleson v. Glen Alden Coal Co.,* 361 Pa. 519, 64 A. 2d 846 (1949).

All five requirements of §339 must be satisfied if a possessor of land is to be held liable. Clause (d) requires a weighing of the interests involved—the cost of "childproofing" versus the danger of harm to children. Plaintiffs have not satisfied us that the utility to defendants of maintaining the partially erected wall without making it safe for children was overcome by the risk it presented to children.

Having concluded that clause (d) was not satisfied, we need not discuss the other clauses of §339. We wish, however, to indicate our disapproval of the Superior Court's determination that the present case is controlled by *Dragonjac v. McGaffin Construction & Supply Co.,* 409 Pa. 276, 186 A. 2d 241 (1962). In *Dragonjac,* minor plaintiff fell from the top of a newly erected wall which he had ascended. The risk which the child realized in that case was that of falling. So, too, in the present matter, minor plaintiff might have been held to have realized the risk that he might fall while climbing a wall, but not that the wall might crumble under him. In addition, in *Dragonjac* we stated that plaintiffs must fail because, among other reasons, ". . . the minor plaintiff *and his parents assumed the risk."* (Emphasis supplied.) 409 Pa. at 280, 186 A. 2d 243. This was an unfortunate statement because §339 makes no mention of the conduct of the parents, and, in no event, would a minor plaintiff be precluded from recovery in a personal injury action on the ground that his *parents* assumed the risk. In any

event, plaintiffs cannot prevail because every requirement for liability under §339 has not been satisfied.

Judgment of the Superior Court affirmed.

Mr. Justice MUSMANNO dissents.