Goll et al., Appellants, *v.* Muscara.

Argued September 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Joseph H. Stanziani*, with him *Waters, Fleer, Cooper & Gallager*, for appellants.

*George C. Corson, Jr.*, for appellee.

OPINION BY MONTGOMERY, J., November 16, 1967:

In this trespass action plaintiff's four year old son, Glenn Goll, was injured critically when he entered a dwelling being constructed by the defendant Muscara and fell from the second floor into the basement. Plaintiffs sued the defendant Muscara, builder and owner of the house, who joined several other defendants. The action was tried before Judge ROBERT W. HONEYMAN and a jury which returned verdicts of $7,500 for the minor plaintiff against the original defendant and $500 for the father. Verdicts were directed by the court in favor of the seven additional defendants. The defendant Muscara filed motions for a new trial and for judgment n.o.v. After argument, the court refused defendant's motion for a new trial and granted the motion for judgment n.o.v. Plaintiffs appeal.

On appeal we are required to view the evidence in a light most favorable to plaintiffs, and resolve all inferences in their favor. *Bartleson v. Glen Alden Coal Company*, 361 Pa. 519, 64 A. 2d 846 (1949).

The accident occurred on Good Friday, April 12, 1963. The minor plaintiff, four years and three months old, crossed the street from his home, and in company with his older brother Gregory and the Malone boys,

played on two of the vacant lots adjoining the newly constructed house. Most of the lots in the neighborhood had completed houses built upon them by a developer other than defendant. The dwelling was of frame construction with a concrete basement. Some flooring had been laid but the front, back and garage doors had not been installed. Glenn entered the second floor of the house by a plank leading from the ground to an open doorway. While talking to his brother Gregory who was looking out a window, Glenn, walking backwards, stepped off the edge of the floored portion of the second floor and fell to the cellar, sustaining severe injuries.

Appellants rest their right of recovery upon §339 of the Restatement 2d, Torts, entitled "Artificial Conditions Highly Dangerous to Trespassing Children", which provides:

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

All five requirements of §339 of Restatement 2d, Torts, must be met before a possessor of land can be held liable. *Jesko v. Turk,* 421 Pa. 434, 219 A. 2d 591 (1966), affirming 207 Pa. Superior Ct. 174, 215 A. 2d 274 (1965). The first requisite to recovery under this section is proof that "the possessor knows or has reason to know that the children are likely to trespass." Here there was no evidence that defendant had such knowledge, nor any showing that children had been seen previously entering the new house, either by the defendant, or anyone else. In fact the minor plaintiff testified he and his companions never entered the new house before the day of the accident and only played games on the two adjoining lots. Evidence that boys played on the adjoining lots does not show they trespassed on the lot where the house was in process of construction. Comment g of §339 provides in part:

". . . It is not enough that the possessor 'should know' of trespasses (see §12), in the sense that a reasonable man in his position would investigate to discover the fact. The possessor is under no duty to make any investigation or inquiry as to whether children are trespassing, or are likely to trespass, until he is notified, or otherwise receives information, which would lead a reasonable man to that conclusion."

There is no evidence in this case to show that the possessor had reason to know of the trespass. Plaintiffs alone produced evidence, including calling the defendant Muscara for cross-examination. Where the possessor of land has or is held to have knowledge of children's trespassing, and the other requirements of §339 of the Restatement are met, recovery may be had. See *Bartleson v. Glen Alden Coal Company,* supra, where an eleven year old boy climbed an electric tower on defendant's land and was burned; and the factually similar case of *Hyndman v. Pennsylvania Railroad Company,* 396 Pa. 190, 152 A. 2d 251 (1959).

A house in process of construction is not per se an attractive nuisance (See Annotation, 44 A.L.R. 2d 1253, "Liability of builder or owner of building under construction for injuries received on premises by an infant." (1955)), although it is clear that recovery can be had where the conditions of §339 of the Restatement 2d, Torts, are met. In many of the cases cited by appellants there was evidence of prior trespassing by children on the premises involved. In *Chase v. Luce*, 239 Minn. 364, 58 N.W. 2d 565 (1953), recovery was allowed where a five year old child stepped between second floor joists on rock lath strips and fell to the first floor, but there was evidence that employes had chased trespassing children from the building on several occasions. In *Carter v. Livesay Window Co., Inc.*, 73 So. 2d 411 (Fla. 1954), a 325 pound precast concrete window frame, set up on a narrow ledge of concrete blocks in a house under construction, fell and killed plaintiff's child. The house was in a residential neighborhood, and the knowledge of the defendant as to children trespassing was held to be a jury question.

A ten year old boy fell from the eighteen foot foundation wall of a school building in process of construction in the case of *Dragonjac v. McGaffin Construction & Supply Company*, 409 Pa. 276, 186 A. 2d 241 (1962). The child had been warned not to play in this area. In entering judgment for defendant n.o.v., Chief Justice BELL stated at page 280: "If defendant is liable in this case, the necessary result would be that every owner of property, no matter how small, will have to erect a high barricade around his property and if he fails to do so a jury could find a verdict for trespassing children . . ."

Under subsection (c) of §339 of Restatement 2d, Torts, it must appear that "the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming

within the area made dangerous by it." Plaintiffs did not show that the minor plaintiff did not realize the risk involved, and therefore failed to meet the burden of proof on this point. Comment j to §339 provides:

"There are many dangers, such a[s] those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. To such conditions the rule stated in this Section ordinarily has no application, in the absence of some other factor creating a special risk that the child will not avoid. the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate it."

Certainly a normal child appreciates the force of gravity and knows instinctively that if it falls it will be hurt. See *McHugh v. Reading Company,* 346 Pa. 266, 30 A. 2d 122 (1943), where a child of six fell from a twenty-four foot concrete abutment on defendant's bridge and was killed. Further, plaintiffs here did not show that the cost of "childproofing" the building was slight as compared to the risk to the children involved. Restatement 2d, Torts, §339(d), supra; *Jesko v. Turk,* supra; *Martinelli v. Peters,* 413 Pa. 472, 198 A. 2d 530 (1964), where a child was pushed into a lawnmower left on defendant's lawn, liability was refused under §339(d), supra. Cf. *Hyndman v. Pennsylvania Railroad Company,* supra, where recovery was allowed because defendant had notice of trespasses and the cost of preventative measures slight as to a dangerous catenary pole.

Appellants suggest that the plank leading to the second floor could have been removed. However, the dwelling was only partially completed, there were no doors on the entrances, including the garage. Defendant was not required to erect a fence around the build-

ing or board it up completely, *Dragonjac v. McGaffin Construction & Supply Company,* supra, or to maintain a watchman on the property, cf. *Patterson v. Palley Manufacturing Company,* 360 Pa. 259, 61 A. 2d 861 (1948), especially in the absence of any notice that children would be likely to enter the partially finished house. The opening at the end of the flooring was apparent to anyone who was observant. The boy was not distracted in the playing of games but was merely walking backward, talking to his brother. Whatever may be said of the other sections, it is clear that plaintiffs fail to show notice of trespassing children under §339(a), and the court below properly entered judgment n.o.v. on this ground.

Judgment affirmed.