369 A.2d 868

Joseph LEOPOLD, a minor, by John L. Leopold and Virginia M. Leopold, his parents and natural guardians and also in their own right, Appellants,

v.

Dorothy E. DAVIES.

Superior Court of Pennsylvania.

Argued Nov. 8, 1976.

Decided Feb. 18, 1977.

Mario P. Restifo, Erie, for appellants.

T. Warren Jones, with him MacDonald, Illig, Jones & Britton, Erie, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from the denial of post-trial motions following a jury verdict in favor of defendant in a trespass action brought by appellant. We reverse.

On December 21, 1971, appellant Joseph Leopold, seven and one-half years old at the time, sustained injuries when he was struck by an automobile operated by appel-

lee. The accident took place while appellant was attempting to cross the street at the intersection of Sixth and West Chestnut Streets in Erie, Pennsylvania. The intersection was controlled by a traffic light, and there was conflicting testimony at trial concerning whether or not appellant was crossing against the light or whether the light was in his favor. The case went to the jury, and a verdict for defendant-appellee was returned.

In this appeal, appellant seeks a new trial because the following points for charge were read to the jury at the request of appellee:

"Point one: Based upon the unrebutted testimony you can find that Joseph Leopold appreciated the danger of crossing the street against a red light. Affirmed.

"Two: If you find that Joseph Leopold ran into the street against a red light, your verdict must be for the defendant. Affirmed." Printed Record at 12.

█ █ █ We need not consider the propriety of point for charge number one, since appellant did not raise this in his post-trial motions and thus failed to preserve the matter for appeal. *Paul v. Dwyer*, 410 Pa. 229, 188 A.2d 753 (1963). Appellant's post-trial motions *did* raise the reading of point for charge number two as grounds for a new trial. Appellee nonetheless argues that this issue was not properly preserved for failure to specifically object to the charge. We disagree. At the conclusion of the charge to the jury, appellant's counsel made the following objection:

"The plaintiff objects to the affirmance of Defendant's Points for Charge number one and number two." Printed Record at 13.

It was held in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), that failure to make a specific objection to the jury charge would result in waiver of that issue on appeal. In that case, a general

objection to the *entire* charge was made. In the case at bar, the objection referred specifically to a small portion of the charge. While the record does not indicate that appellant stated the grounds for his objection, we believe that the objection was sufficiently specific to preserve the matter for appeal, providing that it was raised again in post-trial motions as it was in this case.

Thus, the issues before us are whether point for charge number two was proper, and if not, whether or not a new trial is warranted. We are convinced that the point for charge was a misstatement of the law. The charge instructed the jury that if they found as a fact that appellant crossed the street against the light, he was barred from recovering as a matter of law. Such is not the case with a seven year old child, since children between the ages of seven and fourteen are presumed incapable of negligence, and the closer the child is to age seven, the stronger the presumption that he is incapable of being negligent or contributorily negligent. *Kuhns v. Brugger,* 390 Pa. 331, 135 A.2d 395 (1957). Since appellee admits in brief that the point for charge was incorrect, we are left with determining whether or not a new trial is required. In so doing, it is well-settled that we must view the charge in its entirety rather than focusing solely on isolated portions thereof. *See, e. g., Mount v. Bulifant,* 438 Pa. 265, 265 A.2d 627 (1970).

Having reviewed the entire charge, we agree with appellee that for the most part, the charge accurately states the law. We cannot, however, disregard the incorrect portion of the charge as readily as would appellee. Midway through the charge, the jury was properly instructed concerning the standard for negligence of a minor. The *last* thing the jury heard before retiring however, was an inaccurate statement concerning the contributory negligence of appellant. We do not believe that appellee, in this instance, can lead the court into error and then rely on the court's earlier instructions to argue that the jury was not misled.

180

When the jury retired, an incorrect statement of the law was fresh in their minds. The instruction concerned a crucial issue in the case. Since we are convinced that the jury was properly confused as to the application of the law of contributory negligence in this case, a new trial is required.

Order reversed and a new trial granted.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

I dissent because I believe that the majority does not successfully distinguish this case from the Pennsylvania Supreme Court case of *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). I would hold that the appellant has waived his right to raise the issue on appeal because his objection to the jury charge was *general* in nature, and does not therefore satisfy the requirement of *Dilliplaine* that an objection be not only timely but *specific*.

I would affirm the judgment in favor of the appellee.