419 A.2d 767

**Jeffrey SLAVISH, a Minor by Edward Slavish and Catherine Slavish, His Parents and Natural Guardians, and Edward Slavish and Catherine Slavish, in Their Own Right, Appellants,**

**v.**

**John RATAJCZAK.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed May 9, 1980.

274

Jerry B. Chariton, Wilkes–Barre, for appellants.

George A. Spohrer, Wilkes–Barre, for appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

CAVANAUGH, Judge:

This case involves a claim for damages as a result of personal injuries suffered by the minor–appellant, Jeffrey Slavish, in an accident which occurred on March 7, 1973. The trial resulted in a jury verdict for the defendant. The only issue on appeal involves a part of the jury instruction on the liability aspect of the case.

■ Where the accuracy of a charge is in issue, an appellate court must look to the charge in its entirety against the background of evidence in order to determine whether or not error was committed and whether that error was prejudicial to the complaining party. *Whitner v. Von Hintz*, 437 Pa. 448, 263 A.2d 889 (1970); See also *Dollison v. Baltimore and Ohio Railroad Co.*, 446 Pa. 96, 284 A.2d 704 (1971); *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972).

The evidence indicated that Jeffrey Slavish, age five, and three playmates were playing "cops and robbers" on the premises of the appellee, John Ratajczak. During the course of this amusement, Jeffrey and one of his companions were located on a landing between two stairways located outside the Ratajczak residence. The landing which is about five and one–half feet above the ground was enclosed by railings except at one portion of the landing adjacent to the house where there is an unguarded space. The evidence as to the width of this space varied from between fourteen inches to two and one–half feet. It was through this opening that Jeffrey fell and suffered his injuries. Jeffrey, while standing on the landing, played that he got shot and then accidentally fell through the opening to the ground.

* Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Luzerne County, Pennsylvania, is sitting by designation.

There was conflicting evidence as to the minor-plaintiff's legal status on the premises at the time of the accident. Depending upon which version of the evidence the jury accepted, they could find that he was a trespasser or a licensee. The court left this issue to the jury and instructed them as to the law under Section 339 of the Restatement of the Law–Second Torts 2d, Artificial Conditions Highly Dangerous to Trespassing Children as well as the law applicable to the duties of a possessor of land to a licensee on the premises. During the course of the charge, after advising the jury that the minor plaintiff because of his age could not be guilty of contributory negligence, the judge stated:

> However, while you cannot consider the negligence of Jeffrey in this case, there are certain tests that apply in children's cases. And the law does provide that no danger is more commonly realized or risk appreciated even by children than that of falling. Consciousness of the force of gravity results almost from animal instinct. Certainly, a normal child nearly seven years of age, indeed any child old enough to be at large, knows that if he steps or slips from an elevated structure, he will fall to the ground and be hurt. It may be that some children, while realizing the danger, will disregard it out of spirit of bravado or because of their immature recklessness. But the possessor of land is not to be visited with a responsibility for accidents due to this trait of children of more venturesome type. . . .

This language is in substance a quotation from an opinion by Justice Horace Stern (later Chief Justice) in *McHugh v. Reading Co.*, 346 Pa. 266, 269, 30 A.2d 122, 123 (1943). In that case the Supreme Court affirmed the grant of a nonsuit in a case where a six year old child fell off an abutment and was killed. The court using the above quoted language held that the duty to protect children from dangers which they are unlikely to appreciate does not extend to the risk of jumping or falling from an elevated structure, and thus there was no responsibility under the law. The principle of

*McHugh* case has been followed in subsequent cases applying Pennsylvania law.[1]

In this case the court did not employ the rule to grant a non–suit or direct a verdict but read the quoted language to the jury[2] and thereafter stated in its charge:

> So *if* that applies, Members of the Jury you consider this an elevated structure, because there was testimony that the landing was five and a half feet off the ground, you may apply it, if you believe it appropriate to this case. (emphasis supplied)

▇ Given the conflict presented by the evidence the court properly left to the jury the determination of the plaintiff's legal status on the premises and charged the jury as to the applicable standards of appellee's responsibility. The excerpt from the *McHugh* case is simply an expression of Pennsylvania law as it may be applied to the responsibility of a possessor of land to trespassing children under the Restatement of Torts. Section 339 of the Restatement sets forth the conditions under which a possessor may be subject to liability for injuries. Subsection (c) sets forth the requirement that:

> The children, because of their youth, do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it.[3]

1. *Dragonjac v. McGaffin Construction and Supply Co.*, 409 Pa. 276, 186 A.2d 241 (1962); *Malloy v. Pennsylvania R.R.*, 387 Pa. 408, 128 A.2d 40 (1956); and *Novicki v. Blaw–Knox Co.*, 304 F.2d 931 (3d Cir. 1962). "Pennsylvania does hold that even rather young children must be held as a matter of law to understand that if one falls from a high place he is likely to be injured." 304 F.2d at 934; *Kravetz v. B. Perini and Sons*, 252 F.2d 905 (3d Cir. 1958).

2. Appellant's brief argues that the quoted language was improperly made "more vivid" to the jury since it was read from a Pennsylvania Supreme Court Reporter. There is nothing in the record to support this argument, nor do we see how any prejudice could ensue simply because a jury might be cognizant that a judge was using as his authority a prior decision of an appellate court.

3. *McHugh* contemplates application of the falling principle to stairways. The opinion at 346 Pa. at 269, 30 A.2d at 124 states ". . .

Section 339 has been adopted as the law of Pennsylvania, *Bartleson v. Glen Alden Coal Co.*, 361 Pa. 519, 64 A.2d 846 (1949); *Jesko v. Turk*, 421 Pa. 434, 219 A.2d 591 (1966). Thus by reading the portion of the *McHugh* opinion, the court instructed the jury that if they found that the presence of a space on the landing without a railing created a risk of falling they might nevertheless conclude that the possessor of land was not subject to liability if they also found that Jeffrey, even though a youth, discovered the condition and realized the risk of falling.

■ Not every statement of the law even if relevant to the issues should, or even properly may, be read to a jury. Statements in opinions are often couched in argumentative language and may be formulated in words expressive of policy. As such they may mislead a jury. It is better to charge a jury in terms of legal standards and rules. Here, however, we think the language from *McHugh* was appropriate to advise the jury as to the standards they were to apply under the law of Pennsylvania with respect to the duties of a possessor of land to persons thereon.

We find no error.

Order affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

I am unable to agree with the majority that the trial judge's charge was not prejudicial error.

To be sure, the charge contained individually accurate statements of law on the duty of a possessor of land to trespassing children. Thus, it is the law that a child of seven may be held to understand and appreciate the force of gravity, and therefore the danger of falling from an elevated structure, *McHugh v. Reading Co.*, 346 Pa. 266, 30 A.2d

while the owner of premises may owe more duty to a child than to an adult coming upon his premises by implied invitation, yet he is not bound to guard *every stairway*, cellarway, retaining wall, shed, tree, and open window on his premises, so that such a child cannot climb to a precipitous place and fall off." (emphasis added)

122 (1974), and it is also the law that where a child disregards a danger, because of immature recklessness or bravado, a possessor of land will not be held responsible for the resultant injuries, *McHugh, Prokop v. Becker*, 345 Pa. 607, 29 A.2d 23 (1942); *DiMarco v. Penna. R.R. Co.*, 321 Pa. 568, 183 A. 780 (1936); Restatement (Second) of Torts § 339(c). The problem, however, is not with such individual statements of law, but with the charge as a whole. Taken as a whole, the charge amounted to a binding instruction on the issue of Jeffrey's right to recover. Reduced to its essence, the charge on this issue said: "Members of the jury, there are certain principles of law applicable to cases involving trespassers who are children. One principle is that young children are held to know that if they slip or step from an elevated structure, they will fall and be hurt. Another principle is that children who realize this danger but disregard it out of a spirit of bravado or recklessness cannot recover against the possessor of the elevated structure from which they fell." I have very little doubt that upon hearing the charge thus presented, the members of the jury thought that they were to accept as given that Jeffrey fell into the category of a child who out of a spirit of bravado or recklessness had disregarded a danger he should have known about, and, therefore, that he was not entitled to recover.

What the trial judge should have done was to instruct the jurors to proceed in two steps, the first step being to find the facts, the second step being to apply the principles of law appropriate to those facts. Specifically: The judge should have instructed the jurors that they should first decide whether *as a matter of fact* Jeffrey *did know* about the danger of falling, and *if* he did, whether he *had acted* out of a spirit of bravado or recklessness. Then the judge should have instructed the jurors on what principles of law they should apply, carefully emphasizing that different principles should be applied, depending upon how they had found the facts.

I recognize that after setting forth the principles of law applicable to children who act out of a spirit of bravado or recklessness, the trial judge added:

So, *if that applies*, Members of the jury you consider this an elevated structure, because there was testimony that the landing was five and a half feet off the ground, you may apply it, if you believe it appropriate to this case. (Emphasis added, R.10a)

It may be that the trial judge by these remarks intended to convey to the jurors the idea that they should proceed in two steps, and apply the law as given to them only if they first found the prerequisite recklessness or bravado. It is most unlikely, however, that the jurors so understood the judge. What does seem likely is that they understood him to mean that if they found appellee's stairway to be the type of elevated structure referred to earlier in the charge, they were expected to apply the law as given and deny Jeffrey any recovery.

Nor is the charge saved because it was taken from *McHugh v. Reading Co., supra*. There, a six year old girl described in the record as "awfully bright" climbed a stone wall 24 feet high in order to seat herself on what neighborhood children called "the king's throne." Upon losing her footing, the child fell to her death. The Court found that a non suit was proper because the jury would have to find that the child had disregarded the danger of falling from the wall, a risk she understood. This finding was required, for the danger of falling from the stone wall was not concealed but rather was obvious to the child. In the present case, however, it is by no means certain that the danger of falling from the one part of appellee's stairway not protected by railings was obvious to Jeffrey. Whether it was obvious was an issue of fact on which there might be dispute. The jurors should therefore have been instructed that it was their duty to resolve the issue.

By excerpting a portion of an opinion in a case so factually and procedurally different, the trial judge in my opinion misled the jurors. Where a charge is generally accurate, but misleads the jurors on a critical issue, a new trial should be granted. *Hamil v. Bashline*, 481 Pa. 256, 275, 392 A.2d 1280,

280

1289 (1978). *See also Leopold v. Davies*, 246 Pa.Super. 176, 369 A.2d 868 (1977).

I should reverse and remand for a new trial.