### Collins v. Brandolini

*Stephen A. McBride,* for plaintiffs.

*John S. J. Brooks* and *J. Joseph Herring, Jr.,* for defendants.

DEFURIA, J., December 4, 1972.—Plaintiffs' motion to take off a compulsory nonsuit is before the court for disposition.

On September 16, 1967, at approximately 3 p.m., the minor plaintiff, then 10 years old, entered upon premises at 7 Deer Run, Malvern, Pa., where defendant James Lewis Corporation was constructing a dwelling. Defendant Brandolini, a contractor, was in charge of construction and defendant Shaw was the roofing sub-contractor.

A ladder[1] about 14 feet long was found by minor plaintiff and placed against the building up to the garage roof, which roof was about 12 to 13 feet above the ground. The building site was muddy from a recent rain. A strong wind was blowing. The bottom of the ladder, on the ground, was about two feet from the garage wall. No guards were posted nor were warning signs erected.

After entering upon the premises, the minor plaintiff climbed the ladder reaching the slanted roof of the garage. With his body fully extended, his hands on the top of the ladder, the ladder fell backward resulting in injuries to the minor plaintiff.

There was testimony the minor plaintiff had on two previous occasions climbed a ladder while helping his father. On these occasions, his mother held the ladder. The essential elements of positioning a ladder and climbing the ladder were not then explained to the minor plaintiff but he was aware that if he climbed the ladder, he could fall and injure himself.

Testimony was offered which indicated that one or several ladders could be seen from the front of the house. There was no testimony as to ownership of the

---

[1] The ladder was not visible from the street, a distance of about 50 yards.

ladder involved or who placed the ladder against the wall or when the ladder was placed against the wall.

There is no proof that the possessors had knowledge of the use by children of ladders at this building site.

At the close of plaintiffs' case, a compulsory nonsuit was entered.

A compulsory nonsuit can be entered only in a clear case, and plaintiff must be given the benefit of all evidence in his favor and all reasonable inferences therefrom: Borzik v. Miller, 399 Pa. 293, 159 A.2d 741 (1960).

The Restatement 2d, Torts, §339, provides as follows:

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artifical condition upon the land if

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition and the burdens of eliminating the danger are slight as compared with the risk of children involved, and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

All five requirements of section 339 must be satis-

fied if a possessor of land is to be held liable: Jesko v. Turk, 421 Pa. 434, 219 A.2d 591 (1966).

"The possessor is under no duty to make any investigation or inquiry as to whether children are trespassing, or are likely to trespass, until he is notified, or otherwise receives information, which would lead a reasonable man to that conclusion": Goll v. Muscara, 211 Pa. Superior Ct. 93 (1967).

A house under construction is not, per se, an attractive nuisance: Goll v. Muscara, supra. A ladder is not inherently dangerous: Williams v. Overly Manufacturing Co., 153 Pa. Superior Ct. 347 (1943).

In Colligen v. Philadelphia Electric Co., 301 Pa. 87 (1930), a minor plaintiff climbed a ladder reaching an electrical transformer where he was injured. There, as here, no proof was offered to show who placed the ladder, or even who owned the ladder. Absent evidence of who placed the ladder against the building and when it was so placed, there was no evidence to go to the jury upon a claim of liability.

The injured minor plaintiff, who appeared bright, was familiar with ladders, having climbed them before while helping his father. He further was aware of the possibility of injury should he fall. He knew the ground was slippery and a strong wind persisted. These facts coupled with the absence of proof of ownership of the ladder, who placed the ladder against the house or when the ladder was so placed or proof of knowledge that a condition existed creating an unreasonable risk of harm to the minor plaintiff made inescapable the compulsory nonsuit.

We enter the following

## ORDER

And now, this December 4, 1972, plaintiffs' motion to remove the compulsory nonsuit entered herein is hereby dismissed.