Whigham, Appellant, *v.* Pyle.

*Thomas Hollander,* with him *Evans, Ivory & Evans,* for appellants.

*Lawrence A. Demase,* for appellee.

OPINION BY SPAULDING, J., March 27, 1973:

Appellant Donald Whigham appeals from the granting of appellees' motion for summary judgment in an action brought to recover for injuries suffered by his minor son, Gary, while trespassing on land owned by appellee James Pyle in Indiana Township, Allegheny County, Pennsylvania.

Appellee Pyle owns a 45.50-acre tract of undeveloped land surrounded by commercial and residential properties, including appellants' residence. Gary and his minor friends had regularly flown kites, played football and baseball, and ridden bicycles on appellee's property. Pyle knew about, and had never objected to, this activity. The children customarily walked the thirty yards from appellant's house to the field. The incident which gave rise to the instant appeal occurred on the afternoon of April 12, 1970. Gary, then ten years of age, and his fourteen-year-old brother went to observe a nearby brush fire from a vantage point on property owned by one Sokol. Sokol's property was adjacent to both appellant's and appellee's properties. Their route to the viewing area did not involve crossing onto appellee's land. Unable to see the fire from ground level, Gary climbed atop a fence on the Sokol property. After observing the fire for some time, he jumped off the fence post onto appellee's land without looking down, and impaled his leg on a steel rod protruding two to three feet from the ground. Appellee had placed the 7/16-inch diameter rods along the perimeter of his

property near stakes laid by a surveyor whom he had employed.[1] The site of the injury was some 150 yards from the field where the children usually played and was separated from that field by woods.

Appellant's trespass action was based on the alleged liability of a possessor of land to children trespassers who are injured by artificial conditions on the land. In reviewing Judge SILVESTRI's granting of appellees' motions for summary judgment in this case, we are guided by Rule 1035(b) of the Pennsylvania Rules of Civil Procedure, which provides for the rendering of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Review of the facts in such cases must give the party against whom the motion is directed the benefit of all favorable inferences, *Michigan Bank v. Steenson,* 211 Pa. Superior Ct. 405, 236 A. 2d 565, with a view toward providing a jury trial in all but clear cases where no issue of credibility of witnesses is presented. See *Kopar v. Mamone,* 419 Pa. 601, 215 A. 2d 641 (1966); *Schacter v. Albert,* 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

This Commonwealth has adopted the view of the Restatement of Torts 2d, §339 to govern such cases. *Jesko v. Turk,* 421 Pa. 434, 219 A. 2d 591 (1966); *Dragonjac v. McGaffin Construction & Supply Co.,* 409 Pa. 276, 186 A. 2d 241 (1962). That section provides that: "A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if (a) the

---

[1] The surveyor, Charles Vilsack was sued as a co-defendant in the same cause of action. He had completed the survey in 1971 and had cautioned appellee Pyle against placing the metal stakes in the ground as presenting a hazard.

place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

All five of the above requirements for liability must be met, *Jesko v. Turk,* supra. The trial judge predicated his granting of summary judgment on his finding that the facts in the instant record indicated the sub-section (a) had not been satisfied in that "The culmination of the accident was on Pyle's property but not on that part of the property of which Pyle knew or had reason to know that children were likely to trespass. . . ."

Appellant contends that the trial judge erred in making factual inferences from the record which obliterated genuine issues of fact. Our examination of the record fails to support this contention. While appellant alleges and appellee admits that Gary and other children had trespassed continually "on or near" appellee's property, Gary's own deposition testimony provides an adequate basis for the granting of summary judgment:

"Q. Was there any particular place on Mr. Pyle's property which you thought was Mr. Pyle's property, that you played on regularly, other than the field? A. No. Q. How far is that field from the place

where you got hurt? A. About one hundred fifty yards, if it is on an angle." (R. 5, 6)

. . .

"Q. How did you get to the field? A. Just walked from my house. Q. What route did you take? Would you ever go from your house directly to the field? Did you have to make any detours? A. No." (R. 12, 13)

Where the party seeking recovery, by his own admission, defines the area location of the artificial condition so as to remove it 150 yards from the area of usual trespass and rules out detours therefrom, we have a clarification or refinement of material fact, rather than the creation of a genuine issue for jury resolution. See *Rivoli Theatre Co. v. Allison*, 396 Pa. 343, 152 A. 2d 449 (1959).

As the trial judge was thus correct in concluding that no genuine issue existed as to any material fact, so, too, was his application of the law correct. Where the undisputed evidence indicates that the area of the artificial condition was some 150 yards from the area of usual child trespass and where there was no evidence of even an occasional past childish frolic into the area in question, the requirements of Section 339 of the Restatement have not been met. In such cases, a possessor of land owes no higher duty to a child trespasser than he owes to an adult trespasser. The child who is permitted to enter one part of a parcel of land becomes a trespasser if he enters another part of that land. *Dumanski v. City of Erie*, 348 Pa. 505, 34 A. 2d 508 (1943) ; see *Prokop v. Becker*, 345 Pa. 607, 29 A. 2d 23 (1942). Appellee was free of liability to appellant. The trial judge was thus correct in granting appellee's motion for summary judgment.[2]

The order of the court below is affirmed.

---

[2] As the action against appellee Vilsack also had as its basis the action against appellee Pyle, we likewise affirm the granting of summary judgment in favor of Vilsack.