## Piccolo v. Knauss

*Robert M. Davison*, for plaintiffs.

*William G. Ross*, for defendants.

FRANCIOSA, *J.*, July 2, 1975—This matter is before the court on defendants' motion for summary judgment, based upon their contention that plaintiffs have sued the wrong parties in this personal injury action. We deny defendants' motion for summary judgment as to Harrison R. Knauss, but grant summary judgment as to Dorothy Knauss.

Plaintiffs, Michael Piccolo and his wife, Bonnie Piccolo, filed a complaint in trespass on September 13, 1974. The complaint alleged that Bonnie Piccolo, while walking on a sidewalk in front of 447 South Twentieth Street in Easton, Pa., on December 8, 1972, fell and suffered bodily injury.

Paragraph 2 of the complaint stated:

"2. The defendants are Harrison Knauss and Dorothy Knauss who are adult individuals residing at 2009 Forrest Street, Easton, Northampton County, Pennsylvania, and at all times herein were the owners and were in possession and control of a building and premises located at 447 South Twentieth Street, Easton, Northampton County, Pennsylvania."

Defendants filed an answer to the complaint in which they denied that they were owners of the premises in question and denied that they were in possession and control of said premises. Defen-

dants averred in their answer that the owner of the premises was the estate of Harrison *W. F.* Knauss, father of Harrison *R.* Knauss, one of the two defendants served with the complaint.

No amended complaint was filed by plaintiffs. In April 1975, defendants filed the instant motion for summary judgment under Pa. R.C.P. 1035, together with affidavits in which they repeated the denials of ownership and control as stated in their answer to the complaint.

Thereafter, plaintiffs filed an answer to defendants' motion for summary judgment, in which they alleged that Harrison W. F. Knauss had left a will in which defendant, Harrison R. Knauss, was named a coexecutor of the estate, along with his brother, Lars. Both brothers, plaintiffs alleged, were left the property in question by their father's will; plaintiffs alleged that the brothers, as coexecutors, deeded themselves the property on November 29, 1974, pursuant to the will and have exercised control and possession of it.

Plaintiffs also alleged in their answer to defendants' motion for summary judgment that by section 320.104 of the Fiduciaries Act of 1949, Act of April 18, 1949, P.L. 512, art. I, sec. 104, 20 P.S. §320.104, replaced verbatim by section 301(b) of the new Decedents, Estates and Fiduciaries Code of June 30, 1972, P.L. 508 (no. 164), 20 Pa. C. S. §301(b), the premises in question passed to Harrison R. Knauss as of his father's death.

Plaintiffs further alleged in their answer to defendants' motion for summary judgment that Dorothy Knauss, former wife of decedent, Harrison W. F. Knauss, was a beneficiary of a trust in decedent's will regarding the rentals from the premises in question.

By virtue of the allegations, noted in their answer to defendants' motion for summary judgment, supported by affidavit and copies of the relevant will and deed, plaintiffs contend that both of the named defendants are part owners of the premises in question.

A deposition was taken of Harris R. Knauss on April 22, 1975, regarding the matters involved in the instant motion. The transcript of his testimony reveals that he exercised some control over the premises in question during the last months of his ailing-father's life and since his father's death. This control consisted of collecting rents and maintenance of the premises in question, and, Harris R. Knauss engaged in such activities at the time of the accident which is the subject matter of this lawsuit. The deposition also revealed that Harrison W. F. Knauss (the father) had died prior to the date of the accident.

Harrison R. Knauss also stated in his deposition that he paid his mother, Dorothy Knauss, with whom he lives, $30 per month as a beneficiary under his father's will.

Finally, the deposition revealed that the estate of Harrison W. F. Knauss has been responsible for the taxes and insurance premiums for the premises in question. The estate was closed in 1974 and the title to the premises now rests in Harrison R. and Lars Knauss.

Rule 1035 permits summary judgment to be granted only where the record, as supplemented, leaves "no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law": Pa. R.C.P. 1035. The burden of proof in this regard is on the moving party and all doubts will be resolved against him: Kent v.

Miller, 222 Pa. Superior Ct. 390, 294 A. 2d 821 (1972). Summary judgment will be granted only in the clearest of cases where there is not the least doubt as to the absence of triable issues of material fact: Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973).

Utilizing these standards, it is clear that defendants' motion for summary judgment must fail as to Harrison R. Knauss. Defendants claim that the record demonstrates "conclusively" that Harrison R. Knauss was not an "owner" of the premises in question on the date of the accident. This is not the case.

Evidence is present in the record which, if believed by the trier of fact, would tend to show that Harrison R. Knauss was a coexecutor of his father's estate, a devisee of the premises under the will and that he exercised control over the property before and after the death of Harrison W. F. Knauss.

As a devisee under the will, defendant, Harrison R. Knauss, received legal title to the premises in question at the time of his father's death: Section 301(b) D.E.F. Code, supra. Accord, Quality Lumber & Millwork Co. v. Andrus, 414 Pa. 411, 200 A. 2d 754 (1964). He thus was "entitled to immediate occupation" of the premises as a "possessor". See Restatement 2d, Torts, §328 E; 27 P.L.Encyc. Negligence, §41. Similarly, as one exercising some control over realty, Harrison R. Knauss would be considered an occupant or possessor as to injured parties. Id.

Thus, as either titleholder or as one exercising control, Harrison R. Knauss could be liable to plaintiffs for breach of duty of care owed to them. See, e.g., Restatement 2d, Torts, §§342, 343, 357; 88 A.L.R. 2d 331, at 402. He may, therefore, be a proper party-defendant, as an individual, if the evi-

dence tending to show his ownership or control over the premises in question is believed by the trier of fact.

Defendants argue strenuously in their brief that plaintiffs did not intend to sue Harrison R. Knauss, but rather intended to sue his father, Harrison W. F. Knauss. Accepting the existence of some evidence tending to support this argument, we, nonetheless, cannot grant defendants summary judgment on such a basis, since, as we have already noted, other evidence exists in this record tending to negate such a contention. Resolving such factual conflicts is solely within the province of the trier of the facts. See Whigham v. Pyle, 224 Pa. Superior Ct. 6, 302 A. 2d 498 (1973).

Defendants also contend that Harrison R. Knauss is an improper party since, as either coexecutor or co-owner of the premises in question, he should have been joined with his brother, Lars, as joint co-defendants under Pa. R.C.P. 2227(a). However, Rule 2227(a) requires such compulsory joinder only when the persons involved have "*only* a joint interest in the subject matter of an action." (Emphasis supplied.) Plaintiffs do not allege joint liability of Harrison R. Knauss with Lars Knauss, his co-owner and coexecutors. They alleged only several liability as to Harrison R. Knauss. There is no general liability as to Lars Knauss for any breach of duty by his co-fiduciary, Harrison R. Knauss: Restatement 2d, Trust, §224; 76 Am. Jur. 2d, Trusts, §306. Compulsory joinder is required only when joint liability is solely alleged:* Pa. R.C.P. 2227(a),

*Moreover, if Lars Knauss is determined to be an indispensable party, the court is not required to dismiss the action, but may permit the joinder of the absent party by amendment of the complaint. See Salai v. Krystyniak, 51 Westmoreland 287 (1969).

note. See also, Ross v. Keitt, 10 Pa. Commonwealth Ct. 375, 308 A. 2d 906 (1973); West Penn Admin. Inc., v. Union Nat'l Bk. of Pittsburgh, 119 Pitts. L.J. 143 (1971).

Moreover, Harrison R. Knauss is being sued here in his individual capacity only, since no langauge in the complaint mentions any intention to sue him as a coexecutor of the estate of Harrison W. F. Knauss. See, e.g., Gunnerman v. Lanahan's Estate, 91 Pitts. L.J. 450 (1943); Pa. R.C.P. 2002; D.E.F. Code, supra, sec. 3373.

Since genuine issues of material fact exist as to the liability of defendant, Harrison R. Knauss, summary judgment as to him is denied.

However, as to defendant, Dorothy Knauss, summary judgment is clearly merited here. Plaintiffs do not contest that the sole grounds for liability as to Dorothy Knauss is in her status as a trust beneficiary under her former husband's will, regarding rentals from the premises in question. Clearly, the receipt of $30 per month as a trust beneficiary of the premises owned by her sons, Harrison R. and Lars Knauss, did not create an ownership or control interest in Dorothy Knauss. Nowhere in the record does any evidence tend to show that Dorothy Knauss attempted to exercise any control or rights of possession in the premises, or to assume any responsibilities for its maintenance.

Since there is no genuine issue of material fact regarding the absence of a possessory interest in Dorothy Knauss with respect to the premises in question, her lack of such interest entitles her to summary judgment as a matter of law.

Wherefore, the court enters the following:

## ORDER

And now, July 2, 1975, after careful review of the record, briefs and arguments of counsel, the court hereby denies and dismisses defendants' motion for summary judgment under Pa. R.C.P. 1035 as it relates to defendant, Harrison R. Knauss.

However, the court grants defendants' motion for summary judgment as it relates to defendant, Dorothy Knauss. The prothonotary is directed to enter summary judgment for defendant, Dorothy Knauss, only.