445 P.2d 140

Jack TAYLOR, Plaintiff and Appellant,

**v.**

UNITED HOMES, INC., a corporation, Robert Curtiss, Floyd Tuttle, Derae Broderick, and Boley Realty Company, a corporation, Defendants and Respondents.

No. 10965.

Supreme Court of Utah.

Sept. 20, 1968.

Thomas S. Taylor, Provo, for plaintiff and appellant.

Raymond M. Berry, Salt Lake City, of Worsley, Snow & Christensen, Dean W. Payne, Provo, for defendants and respondents.

HENRIOD, Justice:

Appeal from a summary judgment of no cause of action where a 10-year-old girl was killed on private property on which a house was being constructed. Affirmed with no costs awarded.

Although there were a number of defendants named in this action, including the home builder, the general contractor, subcontractors and a real estate outfit, all of

whom were granted motions for summary judgment of no cause of action, the thrust of this appeal is directed against the general contractor, Broderick.

The facts are simple: On a day after working hours the deceased, Lisa Taylor, 10 years old, was playing in and around the partially constructed house when she either pushed a partially completed brick wall over or in stepping on it from the second story of the house, fell to her death.

The owner furnished plans and specifications to Broderick, who obtained a building permit from the city, which required a certain type of steel wall ties, which the subcontractors did not employ, using nails instead,—all of which was not within the knowledge of Broderick. There is no question but what the building code either knowingly or inadvertently was violated by the subcontractors.

Plaintiff urges on appeal that the trial court erred in granting the motion for summary judgment since 1) there were genuine issues of fact, and 2) of law as to Broderick's duty to inspect defects, and 3) as to his right to delegate duties to others with respect to the construction.

It appears to us that the fallacy of all of these contentions is that they have nothing to do with any duty of care to the little girl, concededly a trespasser, after working hours.

This is not a spring-gun case where even a trespasser might recover, since there was not a spring gun or anything like it involved here. It is not a turntable or attractive nuisance case, since the authorities uniformly hold otherwise in home construction. It is not a licensee or invitee case because there is no evidence of such situation. It is not a case of liability to the public, since no member of the public was injured by a falling wall at a place where the public was entitled to be. Very unfortunately it appears to be one of those cases of damnum absque injuria.

We do not believe that Sec. 339, Restatement of Torts, 2d, relied upon by plaintiff, although rather liberal in its criteria, has application to the facts of this case, where it is undisputed that Broderick did not know or have reason to know of any dangerous condition, annd where, having subcontracted the work, he not only lacked any effective control, but also a clairvoyance that reasonably could not be attributed to him.

CROCKETT, C. J., and TUCKETT, CALLISTER and ELLETT, JJ., concur.