498 P.2d 660

Robert O. FEATHERSTONE, a minor, by his guardian ad litem, Lee W. Featherstone, Plaintiff and Appellant,

v.

Donald F. BERG, Defendant and Respondent.

No. 12664.

Supreme Court of Utah.

June 26, 1972.

Macoy A. McMurray, of McKay, Burton, McMurray & Thurman, Salt Lake City, for plaintiff-appellant.

Harold G. Christensen, of Worsley, Snow & Christensen, Salt Lake City, for defendant-respondent.

HENRIOD, Justice:

Appeal from a dismissal of a second amended complaint in a suit brought to recover damages for injuries to a nine-year-old child suffered when he fell from a sec-

ond-story ledge of a house under construction. Affirmed with costs to defendant.

Plaintiff's complaint obviously was patterned after factual requirements of Section 339, Restatement of Torts, which states in sweeping terms a liability for injuries suffered by curious young children trespassing on another's property. Plaintiff suggests that we adopt the section and make it applicable to almost all such injuries, including those occurring on building construction sites. We are not constrained to respond to such urgence, and prefer to examine each case as it arises in the light of our own previous pronouncements on this and kindred kinds of cases, and of respectable authority of sister states. Some of such cases are collated in Brinkerhoff v. Salt Lake City, 13 Utah 2d 214, 371 P. 2d 211 (1962), which see. We believe that our recent case of Taylor v. United Homes, 21 Utah 2d 304, 45 P.2d 140 (1968), reflects our views on cases where children are injured in home construction cases. The facts there almost parallel those alleged here. In that case a ten-year-old girl fell from the second floor of a partially-constructed house. The only substantial difference was that the contractor did not know of any dangerous condition, as is alleged here. We pointed that fact out to make it clear that Section 339 did not apply since one factor necessary to satisfy it obviously was missing. We did not suggest that had it been present we would have arrived at a different conclusion. The necessary implication found in the Taylor case was that, not being a spring-gun case, nor a turntable case, nor an attractive nuisance case, nor a licensee or invitee case, it was a trespasser case in a home construction atmosphere,—the type of case in which the authorities generally deny recovery.[1] We might have added "unless the danger was hidden or planted, where the owner has been guilty of wilful or wanton conduct, or the like."

We can see both virtues and vices in Section 339, but cannot subscribe to its application to all cases that might satisfy its general requirements, but which because of public policy or other legitimate reasons require noncompensability for injury sustained under circumstances taking it out of the principle enunciated therein. The title of such Section reflects its nonuniversality when it says "Artificial Conditions *Highly* Dangerous to Trespassing Children,"—which seemingly eliminates run-of-the-mill home construction cases, where any danger reasonably is as observable by a child as it would be to an adult. The parent hardly can expect to be entitled to delegate its own duy of care to prevent its children from trespassing, to one expected to have an even higher duty of care, who simply

---

1. See Carroll v. Spencer, 204 Md. 387, 104 A.2d 628 (1954), reported in 44 A.L.R.2d 1247, and cases reported in the annotation at p. 1254 et seq.

is exercising his legal rights on his own legal property, without overt enticement of anyone, hidden traps for anyone or wilful intention to harm anyone.

Under the allegations of plaintiff's second amended complaint, the owner is alleged to have left a door unlocked at the rear of the partially-built house, which the child opened; that the latter then climbed to the second floor and fell off a ledge which for aught the complaint reveals was in plain sight of anyone to see, child or adult. The thrust of plaintiff's argument in substance and effect is no more than that one who is building a house should enclose it with a fence, failing which, Section 339 allows recovery, and that ergo, we should adopt and apply the section to the facts of this case. The same sort of argument could be advanced by saying there could be a recovery even if a fence *were* built and a kid, climbing it, fell off the fence, plaintiff pleading that the owner should have built it higher. In other words it appears to us that plaintiff is holding out for a doctrine of insurability against injury by invoking an as yet unespoused philosophy of absolute liability and its corollary of liability without fault. We are not constrained to go along with such a philosophy at this time and therefore we affirm the dismissal.

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.