**Jonas Jade PRATT, By and Through his guardians, Jeffrey W. PRATT and Janice P. Pratt, Plaintiff and Appellant,**

v.

**MITCHELL HOLLOW IRRIGATION COMPANY, American Fork Irrigation Company, et al., Defendants and Appellees.**

No. 880484.

Supreme Court of Utah.

June 11, 1991.

---

Michael J. Petro, Provo, for appellant.

Michael F. Skolnick, D. Gary Christian, Salt Lake City, for American Fork Irr. Co.

Edwin G. Gibbs, Lehi, for Mitchell Hollow Irr. Co.

Jeril B. Wilson, Provo, for Utah County.

Dayle M. Jeffs, Provo, for Kelly Y. Roth.

ZIMMERMAN, Justice:

Appellant Jonas Pratt, a child, by and through his guardians Jeffrey and Janice Pratt ("the Pratts"), appeals from an order of the district court granting summary judgment in favor of appellees American Fork Irrigation Company ("American Fork") and Mitchell Hollow Irrigation Company ("Mitchell") and against the Pratts in their action for damages for injuries caused to Jonas when he fell into an irrigation ditch and became stuck in a culvert. This court's decisions have given owners of ditches and canals immunity from the attractive nuisance doctrine. *See, e.g., Loveland v. Orem City Corp.*, 746 P.2d 763

(Utah 1987); *Trujillo v. Brighton–North Point Irrigation Co.*, 746 P.2d 780 (Utah 1987). The trial court granted summary judgment to American Fork and Mitchell on the basis of such immunity. The Pratts assert that the irrigation ditch and related facilities constitute a hidden trap and, therefore, the irrigation companies are not entitled to the benefit of the general immunity. We disagree and affirm the trial court's decision.

In reviewing an order granting summary judgment, we view the facts and inferences in the light most favorable to the losing party. *E.g., Rollins v. Peterson*, 813 P.2d 1156, 1158 (Utah 1991); *Utah State Coalition of Senior Citizens v. Utah Power & Light Co.*, 776 P.2d 632, 634 (Utah 1989). We give no deference to the trial court's legal conclusions, reviewing them for correctness. *Landes v. Capital City Bank*, 795 P.2d 1127, 1129 (Utah 1990); *Ron Case Roofing & Asphalt Paving, Inc. v. Blomquist*, 773 P.2d 1382, 1385 (Utah 1989). We consider only the pleadings, depositions, admissions, answers to interrogatories, and affidavits properly before the trial judge. Utah R.Civ.P. 56(c); *Norton v. Blackham*, 669 P.2d 857, 859 (Utah 1983); *Bowen v. Riverton City*, 656 P.2d 434, 436 (Utah 1982); *Massey v. Utah Power & Light*, 609 P.2d 937, 938 (Utah 1980). Papers not properly filed with the trial court will not be considered. *See Territorial Sav. & Loan Assoc. v. Baird*, 781 P.2d 452, 455–56 (Utah Ct.App.1989); *Conder v. A.L. Williams & Assocs.*, 739 P.2d 634, 635–36 (Utah Ct.App.1987). Depositions that were never introduced into evidence nor read by the trial judge will not be considered on appeal.[1] *Thompson v. Ford Motor Co.*, 14 Utah 2d 334, 334–35, 384 P.2d 109, 109 (1963); *Reliable Furniture Co. v. Fidelity and Guar. Ins. Underwriters, Inc.*, 14 Utah 2d 169, 170, 380 P.2d 135, 135 (1963); *Alford v. Utah League of Cities and Towns*, 791 P.2d 201, 206 n. 3 (Utah Ct.App.1990).

American Fork and Mitchell are Utah corporations operating irrigation systems in Utah County. The ditch, water conveyance box, and culvert that are the subject of this action are located in Lehi, Utah County, and are controlled by Mitchell. Some of the water flowing through these facilities has its source in the canals of American Fork. The ditch runs along the property where 3–year–old Jonas Pratt was playing at the time of the accident. The water in the ditch then drops into a water conveyance box. At the bottom of the box is an outlet that joins the box to a closed culvert that runs under a road.

On November 6, 1985, Jonas Pratt fell into the ditch, was carried by the flow of water into the conveyance box, dropped to the bottom of the box, passed through the outlet, and became lodged in the culvert. Jonas suffered severe brain damage as a result of being deprived of oxygen while submerged.

The Pratts sued several defendants, including Mitchell and American Fork, for negligently maintaining the ditch. Specifically, the Pratts argued that owners and operators of canals may be liable to trespassers for negligence when the condition complained of constitutes a hidden danger not ordinarily found in such bodies of water. *See Trujillo*, 746 P.2d at 782; *Loveland*, 746 P.2d at 771; *Weber v. Springville City*, 725 P.2d 1360, 1366 (Utah 1986). The Pratts claimed that there was a material question of fact as to whether a hidden danger or "hidden trap" existed in this case. They argued that the combination of a steep and mossy concrete ditch bank, the absence of a grate covering the conveyance box inlet, and a tire lodged in the culvert, which prevented the child from passing through the culvert, brought this situation within the hidden danger exception. On appeal, the Pratts essentially renew their contentions before the trial court.

American Fork and Mitchell defend the trial court's ruling on two grounds. First, they assert that the facts upon which the Pratts base their claim that a hidden trap

---

1. The Pratts refer to depositions in their briefs on appeal to support certain facts. Our review of the record indicates that these depositions were not before the district court.

existed are not part of the record on appeal. Therefore, we have no record basis for deciding that a factual issue exists. Second, they contend that even if there is a factual question as to the existence of a hidden trap, that question is not material to the outcome of this case because there is no hidden trap exception to the immunity from liability enjoyed by canal owners and operators.

█ We first delimit the facts that are before us. Once that is done, we will be prepared to address the question of their actionability under the law.

The Pratts contend in their brief that the sides of the ditch were steep, slick, and covered with moss; that a grate was removed from the diversion box; and that a tire was lodged in the culvert. These facts are the basis for the claim of a hidden trap. However, we find no record evidence to support any of these assertions other than that there was no grate on the box.

█ The summary judgment motion was argued and submitted without either side filing supporting affidavits or other evidence. Defendants argued that the facts pleaded, even if true, were insufficient to state a claim. The Pratts stood on their pleadings. They simply alleged that the irrigation companies were negligent in not installing a grate. There is nothing in the pleadings about the characteristics of the sides of the ditch or about a tire lodged in the culvert. Therefore, even viewing the record facts in a light most favorable to the Pratts, the only fact before us is that the ditch ran into a collection box without a grate on the top and that the child passed through the box and became lodged in the adjacent culvert. The question is whether this constitutes a hidden trap sufficient to take this case out of the reach of *Love-*

*land, Trujillo,* and our other irrigation ditch cases.

█ We next consider the law by which these facts must be judged. This court generally has followed the doctrine that a property owner's duty to a person injured on his property is determined by that person's status on that property, an "invitee," a "licensee," or a "trespasser." *Tjas v. Proctor,* 591 P.2d 438, 441 (Utah 1979); *see* Restatement (Second) of Torts §§ 329–343 (1967). Here, the Pratts do not contest the fact that the child was a trespasser. Generally, a "landowner owes no duty to a trespasser, except to refrain from causing wilful and wanton injury to him or her." *Weber,* 725 P.2d at 1365; *Featherstone v. Berg,* 28 Utah 2d 94, 95, 498 P.2d 660, 661 (1972). The attractive nuisance doctrine evolved as an exception to this rule to impose a duty owed to trespassing children under certain circumstances. *Loveland,* 746 P.2d at 771; *Weber,* 725 P.2d at 1365.

Although the attractive nuisance doctrine is a judicial creation and is to be applied on a case-by-case basis, we have held that as a matter of law, certain categories of conditions will not be treated as attractive nuisances for public policy reasons.[2] Thus, we have held that, as a general proposition, "owners/possessors of canals are not subject to liability under the attractive nuisance doctrine."[3] *Loveland,* 746 P.2d at 772; *see Trujillo,* 746 P.2d at 781–82; *Weber,* 725 P.2d at 1366; *see Trujillo,* 746 P.2d at 781–82; *Weber,* 725 P.2d at 1366; *see also Brinkerhoff v. Salt Lake City,* 13 Utah 2d 214, 215, 371 P.2d 211, 212 (1962); *Charvoz v. Salt Lake City,* 42 Utah 455, 468–69, 131 P. 901, 906–07 (1913).

However, the owner's/possessor's immunity may not be available when some spe-

---

**2.** Utah has generally limited these conditions to water hazard and construction cases. *See Loveland,* 746 P.2d at 772; *Featherstone v. Berg,* 28 Utah 2d 94, 95, 498 P.2d 660, 661 (1972); *Taylor v. United Homes, Inc.,* 21 Utah 2d 304, 305, 445 P.2d 140, 141 (1968); *Brinkerhoff v. Salt Lake City,* 13 Utah 2d 214, 215, 371 P.2d 211, 212 (1962).

**3.** In *Loveland,* we pointed out three reasons why canal owners/operators are not subject to

the attractive nuisance doctrine. First, canals are important to the public as a whole because Utah is a high and arid region that depends on irrigation to support its agriculture. Second, blanket protective measures such as fencing around the canals would be overly burdensome. Third, local governments are in a better position to impose fencing and other protective requirements. *Loveland,* 746 P.2d at 772–73.

cial risk is present on the owner's or possessor's property that is in the nature of a hidden trap or danger. In *Weber*, we stated that the "attractive nuisance doctrine is not applicable to artificial bodies of water 'having natural characteristics and no hidden dangers not ordinarily found in such bodies of water.'" *Weber*, 725 P.2d at 1366 (citations omitted). We reaffirmed the *Weber* decision in *Loveland* and made clear that the immunity does not apply to "wilful and wanton conduct." *Loveland*, 746 P.2d at 771; *cf. Featherstone*, 498 P.2d at 661. Finally, in a footnote in *Trujillo*, we expressly stated that none of our prior decisions reached the question of whether to impose liability on "an owner for harms resulting from dangers that are not inherent in the very existence of canals and ditches." *Trujillo*, 746 P.2d at 783 n. 4. It is this suggested exception to the canal owner's or possessor's immunity which the Pratts argue is applicable here.

■ The Pratts glean from the language in these cases that the attractive nuisance doctrine or some analogue is applicable where there are hidden dangers or traps not ordinarily present in a body of water. We agree. However, while we find that the existence of a hidden trap or peril is an exception to the general immunity available to owners and/or possessors, we do not have occasion to indicate today in general terms what would constitute a hidden trap or peril within the meaning of our cases.[4] *See generally* Annotation, *Liability of Landowner for Drowning of Child*, 8 A.L.R.2d 1293–97 (1949) (discussing liability where child is injured by a hidden trap). We hold only that those circumstances are not present here. Even if a steep, slippery ditch bank or concealed debris constitutes a hidden trap, no such evidence was present here. At most, the facts in the present case show that there was a ditch, a diversion box of orthodox construction that lacked a grate, and an underground culvert. The hazards of a ditch, a diversion box, and a culvert are not hidden. They are open and obvious, and they inhere in the very existence of canals and ditches.[5] Under these facts, the Pratts cannot qualify as a matter of law for the hidden trap exception to *Trujillo* and *Loveland*.

We find no genuine issue of material fact to preclude summary judgment. Accordingly, we uphold the decision of the district court.

HALL, C.J., HOWE, Associate C.J., and DURHAM, J., concur.

STEWART, J., concurs in the result.

---

**4.** American Fork and Mitchell claim that a deceptive condition is necessary to find liability under a hidden trap theory. While a deceptive condition may not be necessary to create a hidden trap, it may be sufficient to create a hidden trap in certain circumstances. *See Menneti v. Evans Constr. Co.*, 259 F.2d 367 (3d Cir.1958) (upholding liability for drowning of seven-year-old boy in ditch where water was muddy and its depth was deceptive); *Coeur d'Alene Lumber Co. v. Thompson*, 215 F. 8 (9th Cir.1914) (upholding liability after two boys waded into pond and fell into well hidden below surface by layer of floating sawdust); *Cicero State Bank v. Dolese & Shepard Co.*, 298 Ill.App. 290, 18 N.E.2d 574 (1939) (imposing liability where girl drowned after stepping on thick scum covering water hole that appeared to be solid pathway); *Stadtherr v. City of Sauk Center*, 180 Minn. 496, 231 N.W. 210 (1930) (holding milling company liable for death of boy who was drowned when he stepped into water covered with rubbish that appeared safe for walking); *Cooper v. City of Reading*, 392 Pa. 452, 140 A.2d 792 (1958) (holding city liable when boys fell through ice and drowned in pool that looked like oversized puddle but had concealed sixteen-foot hole in center).

**5.** Ditches are immune from the attractive nuisance doctrine because the danger of a ditch is "expected to be fully understood and appreciated by any child of an age to be allowed at large." *Weber*, 725 P.2d at 1366 n. 19 (quoting Restatement (Second) of Torts § 339 comment j (1965)).