2000 UT 95

Patricia KESSLER, on behalf of
her minor child, Eric Kessler,
Plaintiff and Appellant,

v.

Randy MORTENSON, and/or CRM Con-
struction, Stephen Sheffield, and John
Does I through V, Defendants and Ap-
pellees.

No. 981847.

Supreme Court of Utah.

Dec. 5, 2000.

Fred R. Silvester, William B. Lockhart,
Spencer Siebers, Salt Lake City, and Aaron
J. Prisbrey, St. George, for plaintiff.

Jeffery C. Peatross, R. Phillip Ivie, David
N. Mortensen, Provo, and William J. Hansen,
Karra J. Porter, Salt Lake City, for defen-
dants.

WILKINS, Justice:

¶ 1 Plaintiff Patricia Kessler, on behalf of
her minor child, Eric Kessler, appeals two
orders granting defendants' motions for sum-
mary judgment. Six-year-old Eric Kessler
was injured while playing in a partially-con-
structed home. The trial court determined
that Eric was a trespasser and, relying on
two cases which held that the attractive nui-
sance doctrine was inapplicable to injuries to
children at residential construction sites,
*Taylor v. United Homes, Inc.*, 21 Utah 2d
304, 445 P.2d 140 (1968) and *Featherstone v.
Berg*, 28 Utah 2d 94, 498 P.2d 660 (1972),
granted summary judgment in favor of De-
fendant Sheffield and Defendants Mortenson
and CRM Construction.

¶ 2 We overrule *Taylor* and *Featherstone*
and reverse the orders granting summary
judgment.

## BACKGROUND

¶ 3 On October 11, 1993, six-year-old Eric Kessler entered a partially-constructed house to play hide-and-go-seek. While playing, Eric backed into and fell through a hole in the floor where the staircase was going to be built. He was injured as a result of the fall. Consequently, on his behalf, his mother sued the builder, Randy Mortenson and/or CRM Construction, and the property owner and developer, Stephen Sheffield.

¶ 4 The defendants moved for summary judgment based on *Taylor* and *Featherstone*, arguing that they owed no duty to Eric because he was a trespasser. The defendants asserted that the attractive nuisance doctrine, which, as a general rule, obligates landowners to exercise reasonable care to safeguard children from dangerous conditions on their property, is not applicable under *Taylor* and *Featherstone* to cases where a trespassing child is injured on a residential construction site. Therefore, the defendants argued, they were entitled to summary judgment. The trial court determined that Eric was a trespasser and granted the defendants' motions for summary judgment because *Taylor* and *Featherstone* barred, as a matter of law, consideration of the attractive nuisance doctrine. Accordingly, the plaintiff's claim was dismissed.

## STANDARD OF REVIEW

¶ 5 We review the trial court's summary judgment ruling for correctness. *See Aurora Credit Servs., Inc. v. Liberty W. Dev., Inc.*, 970 P.2d 1273, 1277 (Utah 1998); *Certified Sur. Group, Ltd. v. UT Inc.*, 960 P.2d 904, 905–06 (Utah 1998). "We consider only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Aurora Credit Servs.*, 970 P.2d at 1277. This is the standard of review we apply because summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c).

## ANALYSIS

### I. THE ATTRACTIVE NUISANCE DOCTRINE

¶ 6 The attractive nuisance doctrine is an exception to the minimal duty owed by a landowner to a trespasser. The doctrine provides, under appropriate circumstances, for a greater duty owed by landowners to child trespassers than to adult trespassers. In *Taylor v. United Homes, Inc.*, 21 Utah 2d 304, 445 P.2d 140 (1968), and *Featherstone v. Berg*, 28 Utah 2d 94, 498 P.2d 660 (1972), this court determined that as a matter of law the attractive nuisance doctrine was inapplicable to cases where children were injured on residential construction sites. Under *Taylor* and *Featherstone*, the duty a landowner owed a child trespassing onto a residential construction site was the same duty owed to adult trespassers. This departure in *Taylor* and *Featherstone* from the general applicability of the attractive nuisance doctrine was made with little analysis and no clear policy statement to support the change. Defendants profess, however, that *Taylor* and *Featherstone* should not be overturned because they are grounded in sound policy. We disagree.

¶ 7 The rule of *Taylor* and *Featherstone* did not require possessors of land to exercise reasonable care to eliminate a danger or to protect children from a risk when they knew or had reason to know children who trespassed on their property could be injured. We believe the better policy is to hold possessors of land accountable for physical injuries to children caused by an artificial condition if the plaintiff can satisfy the elements of section 339 of the Restatement (Second) of Torts.

¶ 8 Defendants contend that allowing the attractive nuisance doctrine to be applied to residential construction sites would place an unnecessary burden on homebuilders. They argue that builders will have to place fencing around the construction sites. Defendants also insist that this rule will lead to an increase in insurance premium costs for contractors, a cost which would be passed on to

consumers, and therefore result in an increase in the price of homes.

¶ 9 Requiring the landowner to take steps to decrease or prevent the risk of injury to children is not an unnecessary burden. Residential construction sites are temporary hazards created by the homebuilder. They are, by definition, in a residential area where children are frequently present. In addition, the burden imposed on the homebuilder of minimizing or eliminating the hazard to children is a temporary burden almost exclusively within the control of the homebuilder.

¶ 10 By permitting the attractive nuisance doctrine to be applied to residential construction projects, homebuilders and landowners will be encouraged to minimize or eliminate dangers that trespassing children may be exposed to on the site. Given the rapidly changing nature of a residential construction project, the homebuilder is in the best position to recognize hazards and to protect children from the danger. Certainly parents are not absolved from the responsibility of protecting their children from danger. Nevertheless, parents cannot always prevent their children from disobedience and trespass. Children, by definition, lack mature judgment. It is because children trespass that the attractive nuisance doctrine developed as an exception to the otherwise minimal duty owed to trespassers. Moreover, the attractive nuisance doctrine recognizes that children, because of their various ages and levels of maturity, may be incapable of understanding or appreciating dangers or risks on the premises. *See, e.g.,* Restatement (Second)

Torts § 339(c) (1965); *Goll v. Muscara,* 211 Pa.Super. 93, 235 A.2d 443, 446 (1967).

¶ 11 Whether the attractive nuisance doctrine is applicable must be analyzed on a case-by-case basis, with the limited exception of irrigation canals.[1] The trial court must consider the facts and circumstances surrounding a particular injury to determine whether the elements of the rule can be satisfied. Indeed, our prior attractive nuisance cases have suggested that the rule should be applied contextually. *See, e.g., Loveland v. Orem City Corp.,* 746 P.2d 763, 772 (Utah 1987). Except for certain limited conditions, such as irrigation canals, the trend has been to "reject all fixed and arbitrary categories and to require each case to be considered in light of its own peculiar facts." *Id.*

¶ 12 We are not persuaded that residential construction presents conditions that justify placing it in a special category. The trial court should not be prohibited from applying the attractive nuisance doctrine simply because the condition that injures a child is located on a residential construction site. We find no policy reasons or common factual circumstances that bar applicability of the doctrine where a residential construction site is the location of a child's injury. Whether the doctrine is applicable to an injury to a child on a residential construction site should be weighed on a case-by-case basis.

¶ 13 For decades, in cases where the attractive nuisance doctrine was applicable, this state has applied the rule as enunciated in *Brown v. Salt Lake City,* 33 Utah 222, 93 P. 570 (1908).[2] This rule differs from the

---

1. For reasons of public policy, this court has held that irrigation canals are exempt from application of the attractive nuisance doctrine. *See Trujillo v. Brighton–North Point Irrigation Co.,* 746 P.2d 780, 782–83 (Utah 1987); *Loveland v. Orem City Corp.,* 746 P.2d 763, 772–73 (Utah 1987); *Weber v. Springville City,* 725 P.2d 1360, 1366 (Utah 1986); *Brinkerhoff v. Salt Lake City,* 13 Utah 2d 214, 215, 371 P.2d 211, 212 (1962); *Charvoz v. Salt Lake City,* 42 Utah 455, 467, 131 P. 901, 906 (1913); *see also Whipple v. American Fork Irrigation Co.,* 910 P.2d 1218, 1221 (Utah 1996). The expressed reasons are these: First, this state is dependent to a great extent upon irrigation. The economic livelihood of many citizens of this state is dependent upon irrigation. Second, requiring fencing around the canals would be overly burdensome. Irrigation canals

often extend for miles through areas of less dense population. The cost of safety measures would outweigh the utility received from making irrigation canals more safe. Third, local governments are in a position to impose fencing and other protective requirements. *See Pratt v. Mitchell Hollow Irrigation Co.,* 813 P.2d 1169, 1172 n. 3 (Utah 1991) (listing "three reasons why canal owners/operators are not subject to the attractive nuisance doctrine").

2. "[T]he elements required for the doctrine to apply in Utah are stated in the leading case of *Brown v. Salt Lake City:*

    The doctrine of the turntable cases [attractive nuisance] should be applied to all things that [1] are uncommon and [2] are artificially pro-

rule in section 339 of the Second Restatement of Torts in that the *Brown* rule, among other differences, relies on the concept of "allurement" to trespass. In years past we have been invited to adopt the rule as stated in the Restatement. *See, e.g., Trujillo v. Brighton–North Point Irrigation Co.,* 746 P.2d 780, 781 (Utah 1987); *Loveland,* 746 P.2d at 772. We have previously noted that the Utah rule and the rule in the Restatement differ, but we have never adopted the Restatement. *See Loveland,* 746 P.2d at 772 (indicating that whether the case "is analyzed under the attractive nuisance doctrine as enunciated in *Brown v. Salt Lake City* or under the Restatement's rule is not outcome determinative") (footnotes omitted); and *Weber v. Springville City,* 725 P.2d 1360, 1365 (Utah 1986) (noting that the rule as stated in the Restatement differs from the doctrine followed in Utah and concluding that both rules are limited to artificial conditions).

■ ¶ 14 In rejecting *Featherstone* and *Taylor,* we also part with the attractive nuisance rule in *Brown* in favor of Restatement (Second) Torts § 339. Section 339 is a more accurate and complete statement of the attractive nuisance doctrine. Consequently, we adopt Section 339 as the rule in Utah.[3] Section 339 provides as follows:

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

By adopting section 339, we join most of our western neighbors, and a number of other jurisdictions, in what we believe to be the better rule.[4]

---

duced, and [3] which are attractive and alluring to children of immature judgment and discretion, and [4] are inherently dangerous, and [5] where it is practical to guard against them without serious inconvenience and without great expense to the owner."
*Weber v. Springville City,* 725 P.2d 1360, 1365 (Utah 1986) (quoting *Brown,* 33 Utah at 240, 93 P. at 576).

3. We still retain the irrigation canal exception.

4. Many jurisdictions have adopted section 339 of the Restatement (Second) of Torts as their attractive nuisance doctrine. *See, e.g., Ricketts v. Norfolk S. Ry. Co.,* 686 So.2d 1100, 1103–08 (Ala. 1996); *Spur Feeding Co. v. Fernandez,* 106 Ariz. 143, 472 P.2d 12, 14–16 (1970); *Duggan v. Esposito,* 178 Conn. 156, 422 A.2d 287, 288 (1979); *Porter v. Delmarva Power & Light Co.,* 547 A.2d 124, 127–29 (Del.1988); *Rosenau v. City of Estherville,* 199 N.W.2d 125, 137 (Iowa 1972); *North Hardin Developers, Inc. v. Corkran,* 839 S.W.2d 258, 260 (Ky.1992); *Hughes v. Quarve & Anderson, Co.,* 338 N.W.2d 422, 424 (Minn.1983); *Wiles v. Metzger,* 238 Neb. 943, 473 N.W.2d 113, 118 (1991); *Vega by Muniz v. Piedilato,* 154 N.J. 496, 713 A.2d 442, 445 (1998); *Carmona v. Hag-*

erman Irrigation Co., 125 N.M. 59, 957 P.2d 44, 48 (1998); *Mikkelson v. Risovi,* 141 N.W.2d 150, 153–54 (N.D.1966); *Jesko v. Turk,* 421 Pa. 434, 219 A.2d 591, 592 (1966); *Hofer v. Meyer,* 295 N.W.2d 333, 335–36 (S.D.1980); *Texas Utils. Elec. Co., v. Timmons,* 947 S.W.2d 191, 193–94 (Tex.1997); *Thunder Hawk ex rel. Jensen v. Union Pacific R. Co.,* 844 P.2d 1045, 1048–49 (Wyo. 1992). *Compare Estrada v. Potomac Elec. Power Co.,* 488 A.2d 1359, 1360 n. 1 (D.C.App.1985) (stating that although the District of Columbia applies the general rule that trespassers may recover against landowners only for intentional, wanton or willful injury, it has accepted the attractive nuisance doctrine as defined in section 339 of the Restatement (Second) of Torts (1965)), *with Smith v. Arbaugh's Rest., Inc.,* 469 F.2d 97, 101–07 (D.C.Cir.1972) (indicating that the District of Columbia abandoned the traditional land entrant classifications); *compare Poulin v. Colby College,* 402 A.2d 846, 851 (Me.1979) (repudiating the invitee-licensee distinction but retaining the trespasser classification), *with Collomy v. Sch. Admin. Dist. No. 55,* 710 A.2d 893, 895–96 (Me.1998) (indicating that Maine retained the attractive nuisance doctrine as enunciated in section 339); *compare Mounsey v. Ellard,* 363 Mass.

693, 297 N.E.2d 43, 51–52 (1973) (abolishing the invitee-licensee classifications but retaining the trespasser distinction), *with McDonald v. Conrail,* 399 Mass. 25, 502 N.E.2d 521, 524–25 (1987) (indicating that the Massachusetts rule is "indistinguishable in its elements from the statute or from its twin, § 339 of the Restatement (Second) of Torts (1965)"); *compare Nelson v. Freeland,* 349 N.C. 615, 507 S.E.2d 882 (1998) (adopting a reasonableness standard in place of the invitee and licensee classifications but retaining the trespasser classification), *with Broadway v. Blythe Indus. Inc.,* 313 N.C. 150, 326 S.E.2d 266, 269 (1985) (setting forth and adopting elements of attractive nuisance doctrine as provided by section 339 of the Restatement (Second) of Torts), *and Griffin v. Woodard,* 126 N.C.App. 649, 486 S.E.2d 240, 243 (1997) (emphasizing that attractive nuisance doctrine applies to protect only "children of tender years"); *compare Mariorenzi v. Joseph DiPonte, Inc.,* 114 R.I. 294, 333 A.2d 127 (1975) (adopting the reasonableness standard in place of the land entrant classifications), *with Tantimonico v. Allendale Mut. Ins. Co.,* 637 A.2d 1056 (R.I.1994) (restoring the land entrant category of trespasser), *and Bateman v. Mello,* 617 A.2d 877, 880 (R.I.1992).

It appears that thirteen jurisdictions have retained their own attractive nuisance rule. *See, e.g., Farm Bureau Mut. Ins. Co. v. Henley,* 275 Ark. 122, 628 S.W.2d 301 (1982); *Gregory v. Johnson,* 249 Ga. 151, 289 S.E.2d 232, 234–35 (1982) (finding the approach of the Restatement to be sound and not in conflict with the doctrine as first expressed in *Ferguson v. Columbus & Rome Ry.,* 75 Ga. 637 (1885), but apparently retaining the *Ferguson* rule); *Hughes v. Union Pac. R.R.,* 114 Idaho 466, 757 P.2d 1185, 1187–88 (1988) (declaring the law of attractive nuisance in Idaho to be that of *Bass v. Quinn–Robbins Co., Inc.,* 70 Idaho 308, 216 P.2d 944 (1950)); *Carroll v. Jagoe Homes, Inc.,* 677 N.E.2d 612, 619 n. 3 (1997) (citing *Harness v. Churchmembers Life Ins. Co.,* 241 Ind. 672, 175 N.E.2d 132, 135 (1961), for the proposition that Indiana had rejected a portion of Restatement (Second) of Torts § 339 (1965)); *Hughes v. Star Homes, Inc.,* 379 So.2d 301, 304–05 (Miss.1980); *Anderson v. Cahill,* 485 S.W.2d 76, 77 (Mo.1972) (adopting the rule in the First Restatement of Torts); *Knowles v. Tripledee Drilling Co.,* 771 P.2d 208, 210 (Okla.1989); *Pocholec v. Giustina,* 224 Or. 245, 355 P.2d 1104, 1107–08 (Ore.1960) (adopting the first Restatement plus language similar to subsection (e) which was later added to the Restatement but not including an artificial condition requirement); *Bloodworth v. Stuart,* 221 Tenn. 567, 428 S.W.2d 786, 788 (1968) (indicating that Tennessee has adopted the Restatement plus an enticement requirement); *Ochampaugh v. City of Seattle,* 91 Wash.2d 514, 588 P.2d 1351, 1353–54 (1979) (indicating that the rule in Washington is very similar to the Restatement); *Christians v. Homestake Enterprises, Ltd.,* 101 Wis.2d 25, 303 N.W.2d 608, 616–18 (Wis. 1981) (acknowledging that Wisconsin has even treated the Restatement as the law of the state on occasion but noting differences between the Restatement and the Wisconsin rule). *Compare Martinello v. B & P USA, Inc.,* 566 So.2d 761, 763 (Fla.1990) (indicating that the rule in Florida consists of the Restatement plus a requirement of enticement), *with Wood v. Camp,* 284 So.2d 691, 695 (Fla.1973) (abolishing the invitee-licensee distinction but retaining "uninvited licensee" and trespasser distinctions); *compare Gerchberg v. Loney,* 223 Kan. 446, 576 P.2d 593 (1978) (citing section 339 of the Restatement (Second) of Torts, but setting forth a four-pronged rule similar to the first Restatement which also does not expressly require the injuring condition to be artificial), *overruled in part by Bowers v. Ottenad,* 240 Kan. 208, 729 P.2d 1103 (1986), *with Jones v. Hansen,* 254 Kan. 499, 867 P.2d 303, 310 (1994) (repudiating the invitee-licensee distinction but retaining the trespasser classification). In two states it is less clear whether the Restatement has been adopted or whether the state has retained its own rule. *See e.g., Genesee Merchs. Bank & Trust Co. v. Payne,* 381 Mich. 234, 161 N.W.2d 17 (1968) (Black, J., dissenting); *Everett v. White,* 245 S.C. 331, 140 S.E.2d 582 (1965). As far as we can tell, seven states have not adopted either section 339 of the Restatement (Second) of Torts or their own version of an attractive nuisance rule. *See, e.g., Baltimore Gas and Elec. Co. v. Flippo,* 348 Md. 680, 705 A.2d 1144 (1998); *Limberhand v. Big Ditch Co.,* 218 Mont. 132, 706 P.2d 491, 494–96 (1985) (stating that the attractive nuisance doctrine in section 339 of the Restatement (Second) of Torts is recognized in Montana, but holding that the "test is always not the status of the injured party but the exercise of ordinary care in the circumstances by the landowner"); *McKinney v. Hartz & Restle Realtors, Inc.,* 31 Ohio St.3d 244, 510 N.E.2d 386, 389 (1987); *Washabaugh v. Northern Virginia Constr. Co.,* 187 Va. 767, 48 S.E.2d 276, 277 (1948); *Mallet v. Pickens,* 206 W.Va. 145, 522 S.E.2d 436, 447 (1999); *Zukatis v. Perry,* 165 Vt. 298, 682 A.2d 964, 965–66 (1996). *Compare Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971) (abolishing the traditional land entrant classifications), *with* Colo.Rev.Stat. § 13–21–115(3) (1996) (reinstating the land entrant classifications by statute and declaring that "[a] trespasser may recover only for damages willfully or deliberately caused by the landowner"). Eight jurisdictions do not have an attractive nuisance doctrine because they have abandoned the traditional land entrant classifications without an exception for trespassers. *See, e.g., Webb v. City & Borough of Sitka,* 561 P.2d 731, 733–34 (Alaska 1977); *Rowland v. Christian,* 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968); *Pickard v. City & County of Honolulu,* 51 Haw. 134, 452 P.2d 445 (1969); *Cope v. Doe,* 102 Ill.2d 278, 80 Ill.Dec. 40, 464 N.E.2d 1023, 1027 (1984) (abolishing land entrant classifications with respect to children only); *Cates v. Beauregard Elec. Coop.,* 328 So.2d 367, 371 (La.1976); *Moody v. Manny's Auto Repair,* 110 Nev. 320, 871 P.2d 935 (1994); *Ouellette v. Blanchard,* 116 N.H. 552, 364 A.2d 631, 634 (1976); *Basso v. Miller,* 40 N.Y.2d 233,

¶ 15 In sum, the attractive nuisance doctrine may be applied where a child is injured at a residential construction site. However, we do not mean to say that a house in the process of construction is per se an attractive nuisance. Recovery can only be had when the conditions of the rule are met. *See, e.g., Goll v. Muscara*, 211 Pa.Super. 93, 235 A.2d 443, 445 (1967). Indeed, the elements set forth in section 339 of the Second Restatement of Torts must be satisfied in order for the rule to be applicable. Homebuilders will not become liable automatically for all accidents to children caused by conditions on the site. The conditions of the attractive nuisance doctrine, as described in section 339, impose a reasonable balance between the interests of the homebuilders and the interests of children.

## II. LAND ENTRANT CLASSIFICATIONS

¶ 16 Finally, we are urged by the plaintiff to abolish the traditional classifications of invitee, licensee, and trespasser. We are not now persuaded to do so and decline to abandon the traditional land entrant classifications.

## CONCLUSION

¶ 17 We disavow our holdings in *Taylor* and *Featherstone*, and in *Brown* to the degree inconsistent with this opinion. The doctrine of attractive nuisance may be applied to circumstances relating to the injury of a child on a residential construction site. We adopt the description of the attractive nuisance doctrine contained in section 339 of the Restatement (Second) of Torts. The orders granting summary judgment are reversed. The case is remanded for further proceedings consistent with this opinion.

¶ 18 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.

386 N.Y.S.2d 564, 352 N.E.2d 868, 871–72 (1976).