**McAnany v. Case**

*Charles W. Garbett,* for plaintiff.
*Templeton Smith,* for defendant.

MOTTO, *P.J.,* March 9, 2007—Before the court for disposition is defendant's motion for summary judg-

ment. Defendant, Youngblood Paving Inc., contends:

(1) Defendant was not a seller or engaged in the business of selling paving equipment as is required to be a proper defendant in a products liability claim.

(2) Defendant did not owe plaintiff a duty; therefore, plaintiff cannot assert a negligence claim against defendant.

(3) Defendant did not breach any express warranty because no one associated with defendant made any representations about the trade-in loader, except Southeastern was taking it "as is."

(4) Defendant cannot be liable under sections 2-314 and 2-315 of the Uniform Commercial Code because it is not a merchant as defined in section 2-104 or a seller.

On October 11, 1999, defendant traded a Case Model 1845C skid steer loader in to Southeastern Equipment Co. Inc., for a new skid steer loader. Shortly after the trade-in, plaintiff's employer, Cade Paving, purchased the loader off of Southeastern. Plaintiff's employer bought the loader "as is." Cade Paving did not speak to any employee or representative of the defendant before buying the loader, and Rusty Cade, owner of Cade Paving, stated that he bought the loader because it was in good shape.

Plaintiff was the primary operator of the loader, and considered himself an experienced operator of the loader. On the day of the accident, plaintiff was removing excess gravel and debris from a driveway and placing it on a slope. The gravel was packed in a manner that

enabled him to drive on it to get further into the pile. On his last load, he emptied the loader's bucket and an imbalance in the weight of the loader caused it to begin sliding down the gravel pile. On his way down the slope, plaintiff was jostled around by the rough terrain, which forced his foot to extend out of the front of the machine. While trying to pull his foot back into the driver's compartment, plaintiff may have pulled the handle, which caused the bucket to crash down, pinning his leg in between the crossbar on the arm of the machine and the frame of the machine. Plaintiff suffered severe injuries to his leg as a result of this accident.

In reviewing a motion for summary judgment this court must look at the record in a light most favorable to the opposing party, and all doubts should be resolved in favor of the nonmoving party. *P.J.S. v. Pennsylvania State Ethics Commission,* 555 Pa. 149, 152, 723 A.2d 174, 176 (1999). The motion should only be granted in cases where the record shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* "In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Chepkevich v. Hidden Valley Resort L.P.,* 911 A.2d 946, 950 (Pa. Super. 2006).

In *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966), the Pennsylvania Supreme Court adopted the theory of strict products liability. The court cited to the modern theory of products liability as declared in the Restatement (Second) of Torts §402A, which states:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to

his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." *Id.* at 427, 220 A.2d at 854 (citing Restatement (Second) of Torts §402A (1965)).

There are situations where a seller of used goods can be held liable for selling defective merchandise. *Frey v. Harley Davidson Motor Company Inc.,* 734 A.2d 1 (Pa. Super. 1999). In *Frey,* the seller sold new and used motorcycles produced by the same manufacturer, and they maintained a close business relationship, making the seller strictly liable. The Pennsylvania courts have acknowledged that public policy demands that liability be fixed where it will be most effective at reducing the peril to life and health which arise from the selling of defective products. *Francioni v. Gibsonia Truck Corp.,* 472 Pa. 362, 366, 372 A.2d 736, 738 (1977). "[T]he special responsibility for the safety of the public undertaken by one who enters into the business of supplying human beings with products which may endanger the safety of their persons and property." *Id.* at 369, 372 A.2d at 739.

The policy behind strict liability is to ensure costs of injuries sustained from purchasing defective products are paid by the manufacturers who put the products on the market and not by the injured persons themselves. *Cafazzo v. Central Medical Health Services Inc.,* 542 Pa. 526, 531, 668 A.2d 521, 524 (1995) (citing *Shepard v. Alexian Brothers Hospital,* 33 Cal. App. 3d 606, 610,

109 Cal. Rptr. 132, 132 (1973)). Strict liability is imposed in situations where this concern can be served. *Id.* at 531, 668 A.2d at 523-24 (citing *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 372, 562 A.2d 279, 281 (1989)). In *Cafazzo,* the court stated, "when one enters the hospital as a patient, he goes there, not to buy medicines or pills, not to purchase bandages or iodine or serum or blood, but to obtain a course of treatment in the hope of being cured of what ails him." *Id.* at 534, 668 A.2d at 525. The *Cafazzo* court held that providing medical treatment is a service and it is distinguishable from merchandising.[1] *Id.*

In the case sub judice, defendant merely traded in the used loader to purchase a new one. Although defendant has done this a number of times in the past, selling skid steer loaders or any other equipment remains outside of defendant's business. Unlike the situation in *Frey,* where the seller normally sold products fashioned by the same manufacturer, defendant clearly does not deal in selling items created by one manufacturer. Although defendant has made 12 transactions either selling or trading in equipment, it does not sell equipment on a normal basis; it is in the business of paving.

Similarly, in *Cafazzo,* the instruments used in surgery are necessary to performing the service rendered; like-

---

1. The *Cafazzo* court created a hypothetical comparison between a hospital supplying medicine or surgical equipment and a movie theatre that sells popcorn. The *Cafazzo* court distinguishes these two situations by stating that the primary activity of viewing a movie is unaffected by the decision to purchase popcorn; however, an implant used in surgery is necessary to that surgery. Therefore, the patient is not buying the implant, but is procuring the medical treatment or surgery itself; thus, the treatment is a service.

wise, the loader in this case is necessary to render the service of paving. It is apparent that defendant merely trades in its equipment to get new equipment in order to render a service, not as an act of selling or distributing them as a business venture. Defendant is not engaged in the business of selling paving equipment and should not be expected to assume liability injuries sustained by equipment they previously owned.

Pennsylvania courts have recognized four elements that make up negligence, which are:

"(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protections of others against unreasonable risks;

"(2) defendant's failure to conform to the standard required;

"(3) a causal connection between the conduct and the resulting injury;

"(4) actual loss or damage resulting to the plaintiff." *R.W. v. Manzek,* 585 Pa. 335, 346, 888 A.2d 740, 746 (2005) (citing *Phillips v. Cricket Lighters,* 576 Pa. 644, 841 A.2d 1000 (2003)).

The first element of negligence is the existence of a duty owed to the plaintiff, which is an obligation to conform to conduct that is based in public policy. *Id.* The five factor test to determine if a duty exists is:

"(1) the relationship between the parties;

"(2) the utility of the defendant's conduct;

"(3) the nature and foreseeability of the risk in question;

"(4) the consequences of imposing the duty; and

"(5) the overall public interest in the proposed solution." *Id.* at 348, 888 A.2d at 747. (citation omitted)

A duty is predicated on the relationship that exists between the parties at the relevant time. *Morena v. South Hills Health System,* 501 Pa. 634, 642, 462 A.2d 680, 685 (1983) (citing *Dumanski v. City of Erie,* 348 Pa. 505, 34 A.2d 508 (1943)). The duty of care is determined by examining the facts and circumstances. *Porreca v. Atlantic Refining Co.,* 403 Pa. 171, 174, 168 A.2d 564, 566 (1961).

A negligence claim cannot be based on facts for which the law does not impose a duty upon the defendant in favor of the plaintiff. *Boyce v. United States Steel Corp.,* 446 Pa. 226, 231, 285 A.2d 459, 461 (1971). In *Boyce,* the plaintiff was in the process of dumping slag when a mechanical defect caused the truck to stop dumping. The plaintiff went to inspect the defect when the truck bed fell, pinning his arm. The plaintiff brought suit for negligence alleging that the dump was not properly illuminated and the defendants did not properly patrol the dump.

The *Boyce* court held that the defendant did not have a duty to protect the plaintiff because the duty was undertaken by the plaintiff's employer and not the defendants, and the circumstances of his injury were not foreseeable. *Id.* at 231, 285 A.2d at 461 (1971).

In the case sub judice, defendant did not undertake a duty on behalf of plaintiff. Defendant was placed in the same position as the defendant in *Boyce* because another party was in a better position to acquire a duty to protect plaintiffs from defective conditions. Defendant traded the loader in to purchase a new machine from

Southeastern. Subsequently, Cade Paving purchased the loader "as is" from Southeastern, and did not purchase it from defendant. These events removed any type of duty owed by defendant to any subsequent purchasers. Furthermore, defendant is not expected to assume a duty to protect subsequent purchasers after it trades in equipment to purchase new equipment. Trade-in transactions are necessary in many lines of business, outside of equipment providers, such as car dealerships. In order to allow the smooth operation of such businesses, liability should not be imposed on those trading in vehicles. Clearly, defendant owed no duty to plaintiff in this circumstance.

Plaintiff avers that defendant breached an express warranty. This allegation also lacks merit. Express warranties are covered by 13 Pa.C.S. §2312, which states:

"Express warranties by the seller are created as follows:

"(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

"(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

"(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model."

Defendant was not a party to the contract as is necessary to make an affirmation or description regarding the

condition or quality of the used loader to Cade Paving. Defendant did not make any statements as to the condition of the loader to the buyer, Cade Paving, and was not a party to the contract in which the purchase of the loader was made. Additionally, defendant made no representations about condition or quality when conducting the transaction with Southeastern and traded in the loader "as is"; therefore, defendant did not create an express warranty.

Also, plaintiff asserts claims under 13 Pa.C.S. §2314 and section 2315 for breach of implied warranty of merchantability and fitness for a particular purpose.

The implied warranty of merchantability, 13 Pa.C.S. §2314, only applies "if the seller is a merchant with respect to goods of that kind." A merchant is further defined in 13 Pa.C.S. §2104, which states:

"Merchant. A person who:

"(1) deals in goods of the kind; or

"(2) otherwise by his occupation holds himself out as having knowledge or skill particular to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."

A corporation selling assets to another corporation is not a "merchant." *Gavula v. ARA Services Inc.,* 756 A.2d 17 (Pa. Super. 2000). In fact, the Uniformed Commercial Code's definition is more narrow than the term "seller" used in Restatement (Second) of Torts §402. *Id.*

Implied warranty of fitness for a particular purpose is covered by 13 Pa.C.S. §2315, which states:

"Where the seller at the time of contracting has reason to know:

"(1) any particular purpose for which the goods are required; and

"(2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods; . . . ."

Again, the term seller "is used generically to include all suppliers of products who, because they are engaged in the business of selling or supplying a product, may be said to have 'undertaken and assumed a special responsibility.' " *Berkebile v. Brantley Helicopter Corporation*, 462 Pa. 83, 93 n.3, 337 A.2d 893, 898 n.3 (1975). This term is applied in the same manner for implied warranties of fitness for a particular purpose and strict products liability.

It is apparent that defendant was not a "seller" of the loader, which caused the harm in this case, as discussed previously. The courts have interpreted the term merchant even more narrowly than the term seller, thus, defendant has not breached the implied warranty of merchantability or fitness for a particular purpose.

For the reasons set forth, defendant's motion for summary judgment is granted, and the claims against defendant Youngblood Paving Inc. are dismissed.

## ORDER

And now, March 9, 2007, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that the motion for summary judgment of defendant Youngblood Paving Inc. is granted and the complaint of plaintiff against defendant Youngblood Paving Inc. is dismissed.